**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Frederick THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 11, 2001.
Filed Sept. 6, 2001.

George H. Newman, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist Atty., Philadelphia, for the Com., appellee.

Before: JOHNSON, MUSMANNO, and KELLY, JJ.

KELLY, J.:

¶ 1 Appellant, Frederick Thomas, asks us to determine whether the trial court erred when it denied his petition for post conviction collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We hold that the trial court properly denied Appellant's PCRA petition and affirm the court's order.

¶ 2 The relevant facts and procedural history of this case are as follows. On April 24, 1996, after a waiver trial, Appellant was convicted of aggravated assault,[2] simple assault,[3] carrying firearms on public streets,[4] and recklessly endangering another person.[5] The trial court sentenced Appellant to a total term of seven and one-half to fifteen years' incarceration. Represented by new counsel on direct appeal, Appellant sought review of his judgment of sentence. On December 9, 1997, this Court affirmed Appellant's judgment of sentence. On September 28, 1998, Appellant filed a *pro se* PCRA petition for relief and the PCRA court appointed counsel. Appellant's PCRA attorney subsequently filed a "no merit" letter with the court, asserting that the issues set forth in Appellant's petition lacked merit and that no further issues could be raised in an amended, counseled petition. On November 9, 1999, the PCRA court dismissed Appellant's petition and granted Appellant's PCRA attorney leave to withdraw. With newly obtained *pro bono* counsel, Appellant brings this timely appeal.

¶ 3 On appeal, Appellant raises several issues for our consideration:

1. WAS APPELLANT DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF POST CONVICTION

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 18 Pa.C.S.A. § 2702.

3. 18 Pa.C.S.A. § 2701.

4. 18 Pa.C.S.A. § 6108.

5. 18 Pa.C.S.A. § 2705.

COUNSEL DURING POST–CONVICTION PROCEEDINGS?

2. IS APPELLANT ENTITLED TO A NEW TRIAL BECAUSE COUNSEL WAS INEFFECTIVE IN FAILING TO IMPEACH THE PROSECUTION'S SOLE EYEWITNESS WITH THAT WITNESS' PENDING CRIMINAL CHARGES IN VIOLATION OF APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS AS WELL AS HIS RIGHTS UNDER ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION[?]

3. WAS APPELLANT DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO TESTIFY?

4. IS APPELLANT ENTITLED TO RELIEF FROM HIS CONVICTION BECAUSE THE PROSECUTOR ENGAGED IN MISCONDUCT DURING THE TRIAL WHEN HE SHIFTED THE BURDEN OF PERSUASION BY COMMENTING ON THE ABSENCE OF A POTENTIAL WITNESS FOR THE DEFENSE, DEPRIVING APPELLANT OF HIS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS AND THE CORRESPONDING PROVISIONS OF THE PENNSYLVANIA CONSTITUTION?

5. IS APPELLANT ENTITLED TO RELIEF FROM HIS CONVICTION AND SENTENCE BECAUSE TRIAL COUNSEL LABORED UNDER A CONFLICT OF INTEREST IN VIOLATION OF APPELLANT'S STATE AND FEDERAL RIGHT TO COUNSEL ACTING IN HIS INTEREST?

6. DID THE DISTRICT ATTORNEY'S FAILURE TO TURN OVER THE TRIAL DISCOVERY TO APPELLANT OR UNDERSIGNED COUNSEL DENY APPELLANT HIS RIGHT TO MEANINGFUL POST–CONVICTION REVIEW AND EFFECTIVE ASSISTANCE OF POST–CONVICTION COUNSEL?

7. WERE ALL PRIOR COUNSEL INEFFECTIVE?

8. IS APPELLANT ENTITLED TO RELIEF FROM HIS CONVICTION AND SENTENCE BECAUSE OF THE CUMULATIVE EFFECT OF THE ERRORS?

(Appellant's Brief at 2).

¶ 4 Our scope of review when examining a PCRA court's denial of relief is limited to determining whether the court's findings are supported by the record and the order is otherwise free of legal error. *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc*), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997) (citations omitted); *Commonwealth v. Gaskins,* 692 A.2d 224, 226 (Pa.Super.1997). This Court will not disturb the findings of the PCRA court unless they have no support in the record. *Id.*

¶ 5 In his first, second, third, and seventh issues, Appellant raises various claims of ineffective assistance of counsel. Our standard of review when faced with a claim of ineffective assistance of counsel is well settled.

> First, counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. To prevail on a claim of ineffectiveness, appellant must show that his underlying contentions possess arguable merit. Finding no merit, our inquiry would cease because counsel will not be

deemed ineffective for failing to pursue a baseless or meritless claim. If appellant's contention is found to be of arguable merit, he must also establish that the course chosen by counsel had no reasonable basis designed to effectuate his client's interests. Finally, appellant must show how counsel's commission or omission prejudiced appellant.

*Commonwealth v. Harrison,* 444 Pa.Super. 103, 663 A.2d 238, 240 (1995), *appeal denied,* 544 Pa. 602, 674 A.2d 1067 (1996) (internal citations omitted). The PCRA does not impose a more onerous burden on an appellant alleging ineffective assistance of counsel than that required on direct appeal. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999). Where it is clear that the prejudice prong has not been met, we may dispose of the claim on that basis alone, without determining the other two prongs. *Commonwealth v. Wilson,* 543 Pa. 429, 440, 672 A.2d 293, 298 (1996), *certiorari denied,* 519 U.S. 951, 117 S.Ct. 364, 136 L.Ed.2d 255 (1996); *Commonwealth v. Paolello,* 542 Pa. 47, 76, 665 A.2d 439, 454 (1995).

¶ 6 In his first issue, Appellant argues that his PCRA counsel was ineffective because he failed to review the record thoroughly, failed to investigate Appellant's claims, and conducted limited discussion with Appellant. Appellant contends that his PCRA counsel's ineffective assistance resulted in the denial of meaningful PCRA review of his meritorious issues. We disagree.

■ ¶ 7 Counsel will not be found ineffective in a vacuum. *Commonwealth v. Horton,* 434 Pa.Super. 478, 644 A.2d 181 (1994). This Court will not consider claims of ineffectiveness without some showing of factual predicate upon which counsel's assistance may be evaluated. *Commonwealth v. Coleman,* 445 Pa.Super. 199, 664 A.2d 1381, 1386 (1995), *appeal denied,* 545 Pa. 675, 682 A.2d 306 (1996).

■ ¶ 8 In the instant case, Appellant's argument is based only on bald assertions. In the absence of a factual predicate to support the allegation that his PCRA counsel rendered ineffective assistance, we conclude that Appellant's claim is without merit.[6] *See id.*

■ ¶ 9 In his second issue, Appellant argues that trial counsel was ineffective for failing to impeach the prosecution's sole eyewitness, who was also the victim, during cross-examination, with that witness' pending criminal charges. Appellant contends that this witness was biased because of the potential that he could later receive favorable prosecutorial treatment in his case as a result of the way he testified in Appellant's case. In addition, Appellant claims that all prior counsel were ineffective for failing to properly preserve and litigate this issue. Appellant concludes that he is entitled to a new trial. We disagree.

Where counsel has made a strategic decision after a thorough investigation of law and facts, it is virtually unchallengeable; strategic choices made following a less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation of the investigation. As noted, an evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot

---

**6.** Appellant argues in his seventh issue that one or more of his prior counsel, including his PCRA counsel, failed to raise, preserve, brief, or litigate meritorious issues. Essentially, Appellant raises no new claims here. He merely reiterates, without providing factual support, the ineffective assistance of counsel claims averred throughout his brief. *See id.* Thus, Appellant's seventh issue likewise must fail.

be based upon the distorting effects of hindsight.

*Commonwealth v. Basemore,* 560 Pa. 258, 289, 744 A.2d 717, 735 (2000) (internal citation omitted). Indeed, cross-examination may be used to test a witness' story, to impeach credibility, or to establish the witness' motive for lying. *Commonwealth v. Buksa,* 440 Pa.Super. 305, 655 A.2d 576, 579 (1995), *appeal denied,* 544 Pa. 642, 664 A.2d 972 (1995). "Whenever a prosecution witness may be biased in favor of the prosecution due to outstanding charges against him in the same jurisdiction, that possible bias, in all fairness, must be made known to the jury." *Id.* at 580 (quoting *Commonwealth v. Evans,* 511 Pa. 214, 224–25, 512 A.2d 626, 631–32 (1986)). The witness may hope for favorable treatment if he testifies in a manner helpful to the prosecution even though the prosecution has not made any promises. *Id.* Thus,

> [i]t is particularly important that, where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness, an adequate opportunity be afforded to demonstrate through cross-examination that the witness is biased.

*Commonwealth v. Birch,* 532 Pa. 563, 566, 616 A.2d 977, 978 (1992).

¶ 10 In the instant case, Appellant has attached to his brief evidence of charges pending against the prosecution eyewitness. While these pending charges might appear to create a potential bias on the part of this witness, such a possibility is highly unlikely. As the trial testimony revealed, the eyewitness had identified Appellant as his assailant on April 30, 1994. (N.T. Trial, 4/24/96, at 57). However, according to the evidence attached to Appellant's brief, the witness was not subject to arrest until May 4, 1994. Thus, he would not have had any reason to curry favor with the prosecution at the time of the identification itself, because this witness was not arrested until after he identified Appellant as his assailant. The potential for bias on the part of this witness is unlikely where the thrust of his testimony focussed on an uninfluenced identification of Appellant as his shooter. Appellant, therefore, was not prejudiced by trial counsel's decision not to attempt to impeach this witness. *See Harrison, supra.* Accordingly, we conclude that Appellant's second issue is meritless and that appellate and PCRA counsel cannot be deemed ineffective for failing to pursue it.

¶ 11 In his third issue, Appellant asserts that trial counsel failed to properly advise Appellant of his right to testify at trial. Appellant argues that trial counsel's failure to discharge this duty constituted ineffective assistance of counsel. Appellant maintains that this ineffective assistance of counsel caused him to waive his right to testify in a way that was not knowing, intelligent, and voluntary. We disagree.

¶ 12 The decision to testify in one's own behalf:

> is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.

*Commonwealth v. Preston,* 418 Pa.Super. 125, 613 A.2d 603, 605 (1992), *appeal denied,* 533 Pa. 658, 625 A.2d 1192 (1993) (quoting *Commonwealth v. Bazabe,* 404 Pa.Super. 408, 590 A.2d 1298, 1301 (1991), *appeal denied,* 528 Pa. 635, 598 A.2d 992 (1991)). "A claim of strategic error absent

a showing of specific incidents of counsel's impropriety will not satisfy this standard." *Preston, supra* at 605.

¶ 13 In the instant case, the record and Appellant's brief lack any indication that trial counsel interfered with his client's freedom to testify or unreasonably advised Appellant not to testify. *See id.* Indeed, the trial transcript reveals only Appellant's statements to the court that counsel merely advised Appellant not to testify. (N.T. Trial, 4/24/96, at 74); (N.T. Sentencing, 8/2/96, at 38). Appellant makes no factual allegation illustrating that at any time trial counsel's advice not to testify was so unreasonable as to vitiate Appellant's knowing and intelligent decision. *See Preston, supra.* In fact, advice by trial counsel not to testify would have been reasonable in light of Appellant's prior convictions, including one for murder, which a vigorous cross-examination would have exposed and which certainly would have crippled any chance of Appellant's success at trial. *Id.* Accordingly, Appellant's claim must fail.

¶ 14 In his fourth issue, Appellant presents allegations of prosecutorial misconduct. Appellant argues in this issue that the prosecutor engaged in misconduct and shifted the burden of persuasion when she commented on the absence of a potential defense witness. Appellant contends that this comment led the factfinder to believe that the failure of this witness to appear was because his testimony would not have supported the defense. Although Appellant concedes that trial counsel lodged an objection to the prosecution's question, Appellant feels that counsel waited too long to object. Appellant concludes, therefore, that he was deprived of his fundamental rights to due process and the presumption of innocence. In addition, Appellant believes this was another example of trial counsel's ineffectiveness and all other counsels' ineffectiveness for failing to properly preserve and litigate this issue. We disagree.

¶ 15 A reviewing court's "consideration of claims of prosecutorial misconduct is centered on whether the appellant was deprived of a fair trial, not deprived of a perfect trial." *Commonwealth v. Bronshtein,* 547 Pa. 460, 490, 691 A.2d 907, 922 (1997), *certiorari denied,* 522 U.S. 936, 118 S.Ct. 346, 139 L.Ed.2d 269 (1997) (citation omitted).

> Comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the [factfinder], forming in [his] mind a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a true verdict.

*Id.* at 482, 691 A.2d at 917. Even if a prosecutor's statement is improper, an appellant still may not be entitled to relief. *Id.* at 490, 691 A.2d at 922. In addition, "it has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial information in reaching a verdict." *Commonwealth v. Irwin,* 397 Pa.Super. 109, 579 A.2d 955, 957 (1990), *appeal denied,* 527 Pa. 592, 588 A.2d 913 (1991).

¶ 16 In the instant case, Appellant identifies the allegedly prejudicial comment as follows:

BY THE COMMONWEALTH:

Q: Mr. Baker,[7] as to this conversation that you had with [Appellant] on the corner with Jeffrey Fooks, is Mr. Fooks here today?

A: No.

Q: Okay. When's the last time that you saw him?

---

7. Mr. Baker was the victim and also the prosecution's eyewitness.

A: Yesterday.

Q: Yesterday?

A: Yes.

Q: Did you have a conversation with him about him coming to court here today?

A: Yes, I did.

Q: Okay. The last time you were here, you came down here in March, do you remember that?

A: Right.

Q: Okay. The case was continued so that Mr. Maas [8] could get Mr. Fooks to come in here, isn't that correct?

A: Right.

Q: Did Mr. Fooks tell you why he wasn't coming to court?

DEFENSE COUNSEL: Objection. Your Honor, that's hearsay.

THE COURT: All right. **I think I'll sustain it.** Obviously, now, [defense counsel] you can make a long argument about how Mr. Fooks should have been presented.

DEFENSE COUNSEL: I don't intend to.

THE COURT: Okay, fine. Based on that, **I'll sustain the objection.**

(N.T. Trial, 4/24/96, at 48–49). The excerpt reveals that counsel made a timely objection which was sustained by the trial court. We must presume that the trial judge, sitting as factfinder, would ignore any potentially prejudicial information and remain objective in weighing the evidence in order to render a true verdict. *See Irwin, supra; Bronshtein, supra.* Accordingly, Appellant's claim must fail.

¶ 17 In his sixth issue, Appellant avers that the district attorney's office failed to turn over requested discovery materials to Appellant or Appellant's post-conviction counsel. Appellant argues that this al-leged failure has denied him his right to meaningful post-conviction review. We disagree.

¶ 18 An appellant must establish the specific ground that would warrant a broad-based discovery request. *Commonwealth v. Williams,* 557 Pa. 207, 223, 732 A.2d 1167, 1175 (1999). A general claim of necessity in an appellant's brief is insufficient. *Id.* This Court will not grant relief to an appellant "based upon undeveloped claims for which insufficient arguments are presented on appeal." *Id.*

¶ 19 In the instant case, Appellant states in his brief that he seeks any and all discovery provided to trial counsel in order "to assess all claims available to Appellant." (Appellant's Brief at 21). Appellant does not establish the specific ground to warrant his broad discovery request. Appellant's lack of specificity regarding what he seeks and why amounts to no more than a "fishing expedition." *See Commonwealth v. Lark,* 560 Pa. 487, 499, 746 A.2d 585, 591 (2000). Hence, Appellant's claim of a general necessity for discovery is insufficient. *See Williams, supra.* Accordingly, Appellant's claim must fail.

¶ 20 In his fifth issue, Appellant contends that because trial counsel's employer, the Defender's Association, also represented a prosecution witness, trial counsel faced a conflict of interest. We disagree.

To prevail...it was necessary for [A]ppellant to "demonstrate[ ] that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' " *Commonwealth v. Buehl,* [510 Pa. 363, 379, 508 A.2d 1167, 1175 (1986), *cert. denied,* 488 U.S. 871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988)], quot-

8. Mr. Maas was Appellant's trial counsel.

ing *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718–1719, 64 L.Ed.2d 333, 346–347 (1980). See also: *Commonwealth v. Smith*, [380 Pa.Super. 619, 552 A.2d 1053, 1059 (1988)]; *In re Saladin*, [359 Pa.Super. 326, 518 A.2d 1258, 1261 (1986)]. The showing of a mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." *Cuyler v. Sullivan, supra* [446 U.S.] at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348.

*Commonwealth v. McCloy*, 393 Pa.Super. 217, 574 A.2d 86, 90 (1990), *appeal denied*, 527 Pa. 585, 588 A.2d 508 (1991); *see also Commonwealth v. Munson*, 419 Pa.Super. 238, 615 A.2d 343, 347 (1992).

■ ¶ 21 In the instant case, Appellant presents only the bald assertion that the representation of the prosecution's witness by trial counsel's employer created a conflict of interest. Appellant, however, neither demonstrates trial counsel's active representation of conflicting interests nor shows how the alleged conflict of interest adversely affected the performance of trial counsel.[9] *See Buehl, supra; Sullivan, supra.* Thus, Appellant fails to show how his interest and the interest of the prosecution's witness conflict with respect to the Defenders Association's representation. *See Commonwealth v. Kauffman*, 405 Pa.Super. 229, 592 A.2d 91, 95 (1991), *appeal denied*, 529 Pa. 617, 600 A.2d 534 (1991) (holding that public defender does not have conflict of interest with two prosecution witnesses represented in wholly different matters by other attorneys in public defender's office). Accordingly, we deny relief on Appellant's fifth issue.

■ ¶ 22 Finally, in his eighth issue, Appellant argues that if none of his first seven issues individually merits relief, the cumulative effect of the alleged errors should warrant relief. Pennsylvania law does not recognize a "cumulative effect" doctrine for review of the issues in an appellant's brief. *See Commonwealth v. Townsend*, 747 A.2d 376, 383 (Pa.Super.), *appeal denied*, 563 Pa. 661, 759 A.2d 385 (2000); *Commonwealth v. Jones*, 370 Pa.Super. 591, 537 A.2d 32, 34 (1988). Thus, Appellant's eighth issue must fail.

¶ 23 Based upon the foregoing analysis, we recognize that Appellant's trial direct appeal and PCRA counsel rendered effective assistance. Further, we conclude that Appellant was not denied his right to testify, Appellant's claim of a general necessity for discovery is insufficient, and trial counsel did not labor under a conflict of interest. In addition, Pennsylvania law does not recognize a "cumulative effect" doctrine. Thus, we hold that the trial court properly denied Appellant's PCRA petition. Therefore, we affirm the order denying Appellant's petition for post conviction collateral relief.

¶ 24 Order affirmed.

---

9. For example, Appellant might have established that trial counsel labored under a conflict of interest by showing that trial counsel failed to pursue a reasonable defense strategy "suggested by the circumstances" because his "continuing duty" to the prosecution's witness prevented him from taking action on behalf of Appellant. *See Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir.), *certiorari granted in part*, —— U.S. ——, 121 S.Ct. 1651, 149 L.Ed.2d 467 (2001).