J-S64009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAR REESE | |
| Appellant | No. 191 WDA 2014 |

Appeal from the PCRA Order May 8, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015069-2007,
CP-02-CR-0015074-2007

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 20, 2014**

Jamar Reese appeals from the order of the Court of Common Pleas of Allegheny County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Upon review, we affirm on the opinion authored by the Honorable Randal B. Todd.

Reese was charged at two separate criminal actions in connection with armed robberies committed on September 30, 2007.  After consolidation, the matters proceeded to a nonjury trial on March 12 and 16, 2009.[2]  Mark

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] At that time, Reese was to be tried for a third robbery, which had occurred on September 16, 2007.  The Commonwealth requested a continuance because the victim of that crime was unable to appear for trial.  The trial court denied the Commonwealth's requested continuance and granted Reese a judgment of acquittal following the close of evidence in the matter.

Lancaster, Esquire, represented Reese in the nonjury trial. The court found Reese guilty of the two September 30, 2007 robberies. This Court affirmed Reese's judgment of sentence on August 10, 2010, and on December 17, 2010, our Supreme Court denied Reese's petition for allowance of appeal.

On March 3, 2011, Reese filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Reese and, on September 9, 2011, counsel filed an amended petition. Counsel filed a second amended PCRA petition on June 18, 2012. On July 18, 2012, the Commonwealth filed a response to Reese's second amended PCRA petition, conceding that an evidentiary hearing was necessary. An evidentiary hearing took place on May 2, 2013. After consideration of the arguments by counsel and all of the evidence presented, the PCRA court dismissed Reese's petition. This timely appeal followed.

On appeal, Reese presents the following issues for our review:

1. Whether the PCRA court erred when it dismissed [Reese's] claim that trial counsel was ineffective for failing to subpoena and call character witnesses and eyewitnesses at trial.

2. Whether the PCRA court erred when it dismissed [Reese's] claim that his trial counsel was ineffective for consenting to the dismissal of charges at CC No. 200712070, which would have revealed that [Reese] could not have possibly committed the robbery he was charged with at CC No. 200715069 and CC No. 200715074.

Brief of Appellant, at 6.

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by

evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.*** We may affirm a PCRA court's decision on any grounds if it is supported by the record. ***Id.***

Reese's issues both raise claims of ineffectiveness of counsel. Our standard of review when faced with such claims is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. ***Commonwealth v. Thomas***, 783 A.2d 328, 332 (Pa. Super. 2001) (citation omitted). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky,*** 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). A petitioner must show: (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id.*** (citation omitted). The failure to prove any one of the three prongs results in the failure of petitioner's claim. "The threshold inquiry in ineffectiveness claims is whether the

issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit." *Commonwealth v. Taylor*, 933 A.2d 1035, 1041-42 (Pa. Super. 2007), citing *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Id.*, citing *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004).

We have reviewed the transcripts, briefs, the relevant law and the well-reasoned opinion of Judge Todd, and find that the opinion of the trial court thoroughly, comprehensively and correctly disposes of the issues Reese raises on appeal. Specifically, the record belies both of Reese's claims in that the Court dismissed the charges against Reese stemming from the September 16 incident, *sua sponte*, and the trial court extensively reviewed counsel's testimony that the witnesses requested by Appellant had no information with regard to the September 30 robberies. Accordingly, we affirm based on Judge Todd's opinion. Counsel is directed to attach a copy of the trial court opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2014