J-S69013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEWAYNE VESSELS | |
| Appellant | No. 2805 EDA 2013 |

Appeal from the PCRA Order October 3, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0202771-1999

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 05, 2014**

Appellant, Dewayne Vessels, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises three issues for our review:

> THE COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION WHERE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO IMPEACH THE VICTIM WITH HIS PRIOR JUVENILE RECORD?

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> THE COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION WHERE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT'S BAR OF ANY MENTION OF THE CRIMINAL TRIAL OF BISHOP BRIAN EDWARDS BY DEFENSE COUNSEL?
>
> THE COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION WHERE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE DISCOVERY VIOLATIONS BY THE COMMONWEALTH RELATING TO MEDICAL RECORDS THAT SHOWED THAT GONORRHEA WAS CONTRACTED BY BOTH THE VICTIM AND [APPELLANT]?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

- 2 -

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Peter F. Rogers, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed January 16, 2014, at 2-6) (finding: **1)** trial counsel was not ineffective for failing to impeach victim with juvenile record; prior to trial, court conducted hearing to examine victim's juvenile adjudications; court determined victim's juvenile record did not include adjudications for *crimen falsi* offenses; **2)** trial counsel was not ineffective for failing to object to court barring mention of separate criminal "trial" of Brian Edwards, another individual who allegedly molested victim; although Commonwealth had pursued criminal charges against Mr. Edwards, it withdrew charges prior to Mr. Edwards' preliminary hearing; **3)** trial counsel was not ineffective for failing to raise purported discovery violation regarding disclosure of medical records showing Appellant and victim both contracted gonorrhea; trial counsel did make pretrial objection to bar victim's testimony that he had contracted gonorrhea; trial counsel also sought to preclude Commonwealth's admission of report regarding Appellant's diagnosis; court determined Appellant had adequate pretrial notice that Commonwealth would introduce victim's medical records, because criminal complaint alleged that victim had contracted sexually transmitted disease; Commonwealth was under no duty to provide Appellant

with medical records, which were available to both parties; moreover, court properly admitted medical reports into evidence; it was highly relevant that both victim and Appellant contracted sexually transmitted disease around same time; additionally, trial counsel conducted full and complete cross-examination of Commonwealth's medical expert). Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2014

CP-51-CR-0202771-1999 Comm. v Vessels, Dewayne
Opinion



7105628301

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLV.
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA : PHILADELPHIA COUNTY
: COURT OF COMMON PLEAS
VS. :
: 2805 EDA 2013
DWAYNE VESSELS, FILED CP-51-CR-0202771-1999
Appellant
: PCRA FILED
JAN 16 2014
Criminal Appeals Unit JAN 16 2014
First Judic**OPINION** PA
**Post Trial Unit**

**ROGERS, J.**

On June 2, 2002, following a jury trial, Dwayne Vessels (Defendant) was found

guilty of involuntary deviate sexual intercourse, endangering the welfare of a child, and

corruption of minors. On May 16, 2003, Defendant was sentenced to an aggregate term

of ten (10) to twenty (20) years incarceration, followed by ten (10) years reporting

probation. Thereafter, Defendant's convictions and sentence was affirmed, and no

petition for allocator was filed. On January 5, 2009, Defendant filed a *pro se* Post-

Conviction Relief Act (PCRA) petition, which was subsequently amended by counsel and

filed on December 13, 2011. After review and consideration, Defendant's petition was

denied on October 3, 2013. Defendant has appealed that decision. This opinion follows.

The factual background concerning this matter can be summarized in the

following manner: In this case, Defendant (33) befriended the victim, M.Y. (14), who

was homeless. Defendant took him into his home and gave him a bedroom, where he

molested and raped him on numerous occasions. Even after the Defendant later took in

the victim's mother and siblings (who were also homeless) he continued to molest the victim in his room. At a funeral for the victim's cousin, Bishop Brian Edwards, who presided over the service befriended the victim and later began sexually molesting the victim as well. The victim told Defendant of Edward's abuse, and Defendant took the victim to the police. However, after some time, the police eventually suspected Defendant as committing crimes against the victim as well, and after questioning him alone, the victim told police of all the crimes committed against him by Defendant who was subsequently arrested.

After a review of the record, no relief is warranted as the PCRA court properly dismissed the petition. For the following reasons stated herein, Appellant fails to assert any claim upon which relief can be granted.

It is well settled that the law presumes that counsel was effective at trial and the defendant carries the burden of proving ineffectiveness. *Commonwealth v. Baker*, 614 A.2d 663 (Pa. 1992). It is the petitioner who bears the burden of proving that (1) the underlying claim has arguable merit; (2) counsels' action or inaction had no reasonable basis; and (3) the petitioner was prejudiced by the act or omission to such a degree that but for counsel's conduct, the outcome of the proceeding would have been different. *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987); *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003) (emphasis added). If *any* of these elements are not satisfied, the claim fails. *Commonwealth v. Fulton*, 830 A.2d 567 (Pa. 2003). A claim of ineffectiveness of counsel will only be granted when the petitioner establishes the counsel's conduct so

undermined the truth determining process that no reliable verdict could have been rendered. *See,* 42 Pa.C.S.A §9543.

In his first assertion of alleged ineffectiveness, Defendant claims that trial counsel was ineffective for failing to impeach the victim with his prior juvenile record.

Prior to trial, during a hearing concerning a motion *in limine,* the issue was discussed as to the victim's juvenile adjudications. All parties, including the court, were in agreement that the victim had two (2) open cases. However, it was determined that the victim's prior criminal record did not include any adjudication for *crimen falsi* crimes.

It is well settled that prior convictions can only be used as impeachment when they involve *crimin falsi* offenses, including dishonesty or false statement. *Commonwealth v. Randell,* 528 A.2d 1326 (Pa. 1987); *see also* Pa.R.E. 609. The victim's prior record did not include any *crimin falsi* offenses. Because this information was known to Defendant in open court, defense counsel cannot be faulted for taking a meritless action that was inconsistent with the law. *Commonwealth v. Thomas,* 783 A.2d 328 (Pa. Super. 2001). Therefore, no claim of ineffectiveness can be sustained. Defendant fails to satisfy the first element in an ineffectiveness claim – that the issue has arguable merit.

Next, Defendant claims that trial counsel was ineffective for failing to object to the trial court's bar of any mention of the separate criminal trial of Bishop Brian Edwards.

This claim of alleged ineffectiveness cannot be sustained, as the assertion is moot. After investigation, it was learned that all charges against Edwards were withdrawn. The Commonwealth was forced to withdraw all charges against Edwards prior to the preliminary hearing due to the fact that the victim could not be secured and brought to

court from out-of-state Department of Human Services (DHS) placement.[1] Again, defense counsel cannot be faulted for taking a meritless action. *Thomas.*

Lastly, Defendant claims that trial counsel was ineffective for failing to raise discovery violations by the Commonwealth relating to medical records showing that Defendant and the victim both contracted gonorrhea.

Prior to trial, Defendant sought to bar the testimony of the victim concerning the fact that he had contracted gonorrhea because it was considered a medical diagnosis and was therefore barred as hearsay. He also sought to preclude the Commonwealth from presenting any report regarding Defendant's testing positive for gonorrhea because the Commonwealth had not presented Defendant with an expert report. He argued that such a report was subject to mandatory disclosure. Defendant's basis for that argument was that 1) he had no time to prepare for an appropriate cross-examine such a report, and 2) he did not have the funds to hire a rebuttal expert.

At the pre-trial hearing, Defendant argued that the Commonwealth only recently advised the defense that it would be calling a medical expert to testify that the victim had tested positive for a sexually transmitted disease. Following argument from both sides, the court denied the defense motion, determining that Defendant had adequate notice of the introduction of the victim's medical records prior to trial given the fact that it was also alleged in the criminal complaint that the victim contracted a sexually transmitted disease. The court also ruled that the Commonwealth could introduce evidence of

---

[1] The charges against Brian Edwards (MC-51-CR-0952741-1999) were withdrawn by the Commonwealth on November 16, 1999.

Defendant's physical condition by calling a medical expert to testify that Defendant's medical records confirmed he had gonorrhea.

Even though defense counsel voiced objections on the record concerning this issue, he was not required to do so. The Commonwealth was under no duty to provide the defense with either the medical records of Defendant or the victim, as that information was available to both parties. *Commonwealth v. Appel*, 689 A.2d 891 (Pa. 1997); *Commonwealth v. Pursell*, 724 A.2d 293 (Pa. 1999); and *Commonwealth v. McElroy*, 665 A.2d 813 (Pa. Super. 1995) (no violation concerning discovery where the evidence was available to both parties).

Moreover, although trial counsel did voice an objection as to the admissibility of the medical reports in question, the evidence was properly admitted into the record. *Commonwealth v. Brown*, 987 A.2d 699 (Pa. 2009) (questions regarding admissibility of evidence rest within the discretion of the trial court). There was no abuse of discretion in admitting this information into the record and defense counsel was not obligated to object, as the material was relevant, probative, and available to both sides; therefore, no discovery violation occurred. *Commonwealth v. McElroy*, 665 A.2d 813 (Pa. Super. 1995). It was highly relevant, and not prejudicial, that both the victim (anus) and defendant (penis) contracted an STD within the same timeframe.

Not only did defense counsel have adequate time in preparing to rebut such evidence, counsel conducted a full and complete cross-examination of the Commonwealth's expert medical witness.

Defendant's claim does not have arguable merit. Defendant cannot demonstrate how he was prejudiced in this situation. The term "prejudice," in the context of ineffectiveness of counsel, means that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the trial would have been different. *Pursell.*

The trial court's ruling on admissibility of the medical records was proper, and the Commonwealth was not required by law to turn over information readily available to the defense. No prejudice resulted, as trial counsel was more than effective in preparing for the defense.

Defendant cannot satisfy any claim of attorney error. For the reasons stated herein, Appellant's claims should be dismissed.

THE HONORABLE PETER F. ROGERS
COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA