J-S20035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ⁞ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | ⁞ | |
| v. | ⁞ | |
| ANDY BUXTON, | ⁞ | |
| Appellant | ⁞ | No. 1384 WDA 2015 |

Appeal from the PCRA Order August 31, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0001413-2013

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    FILED: March 2, 2016

Appellant, Andy Buxton, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Specifically, he alleges that trial counsel was ineffective for advising him not to testify on his own behalf.  We affirm.

Appellant was convicted of aggravated assault and resisting arrest. The charges related to Appellant's disorderly conduct during his arrest for possession of illegal prescription pills.  After a bench trial, the court convicted Appellant of the aforementioned charges on September 3, 2013. On December 2, 2013, the court sentenced Appellant to an aggregate term of incarceration of not less than eleven-and-one-half nor more than twenty-

_____

[*] Retired Senior Judge assigned to the Superior Court.

three months. Appellant did not file post-sentence motions. A panel of this Court affirmed Appellant's judgment of sentence on July 28, 2014. (**See Commonwealth v. Buxton**, 105 A.3d 803 (Pa. Super. filed July 28, 2014) (unpublished memorandum)). Appellant did not seek leave to appeal with our Supreme Court.

On March 31, 2015, Appellant filed a timely first PCRA petition. Appointed counsel filed an amended petition on June 24, 2015. On August 31, 2015, the court denied the petition after a hearing. Appellant timely appealed.[1]

Appellant raises one issue for this Court's review:

> Did the [PCRA] court err in denying Appellant's PCRA petition since trial counsel . . . was ineffective for advising Appellant not to testify at his bench trial, prior to which she told him not to testify because he would have been impeached by his criminal record[?]

(Appellant's Brief, at 3) (some capitalization omitted).

Our standard of review of appeals from PCRA court decisions is well-settled:

> This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012[, *appeal denied*, 64 A.3d 631 (Pa. 2013)]. Our "review is limited to the findings of the PCRA court and the evidence of

_____

[1] Appellant filed a timely Rule 1925(b) statement of errors complained of on appeal contemporaneously with his notice of appeal. **See** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on November 23, 2015. **See** Pa.R.A.P. 1925(a).

- 2 -

record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id.*** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id.*** (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . ." ***Id.***

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In this case, Appellant alleges that trial counsel rendered ineffective assistance by advising him not to testify on his own behalf because the Commonwealth potentially then could have impeached him on his prior convictions. (***See*** Appellant's Brief, at 12-17). We disagree.

> [T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.,* there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding.

***Commonwealth v. Laird***, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." ***Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (citation and emphasis omitted).

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Michaud*, 70 A.3d 862, 869 (Pa. Super. 2013) (citation omitted). "A claim of strategic error absent a showing of specific incidents of counsel's impropriety will not satisfy this standard." *Commonwealth v. Thomas*, 783 A.2d 328, 334-35 (Pa. Super. 2001) (citation omitted).

Here, Appellant admits that the court conducted a colloquy, after which he waived his right to testify. (*See* Appellant's Brief, at 16). He argues, however, that his waiver was not voluntary where it was premised on trial council's representation that his "criminal record would open the door to impeachment." (*Id.* at 17) (record citation and internal quotation marks omitted). Appellant maintains that, because his prior convictions did not involve *crimen falsi*, counsel's advice was unreasonable, and her representation ineffective. (*See id.* at 12-17). This argument does not merit relief.

At Appellant's PCRA hearing, trial counsel testified that she and Appellant participated in two lengthy meetings in which they discussed the case, and whether Appellant should testify on his own behalf. (*See* N.T. PCRA Hearing, 8/31/15, at 4). She explained that she advised Appellant against testifying because of his "excitable and combative" demeanor that

- 4 -

she believed would not help him defend against the aggravated assault charge. (*Id.*). Counsel also stated that, if Appellant testified, "the door could have easily been opened on" his prior convictions for resisting arrest and aggravated assaults on police officers. (*Id.* at 5; *see id.* at 4). Finally, although Appellant wanted to make a factual argument that the police officers in this case were lying, counsel believed, based on her experience, "there was a legal argument to be made that[,] even if the police officers were believed[,] that his actions didn't rise to the level of aggravated assault." (*Id.* at 7; *see id.* at 5). Counsel testified that she told Appellant "that the decision at the end of the day was his, and [she] told him he had the right to testify." (*Id.* at 5). She expressly confirmed that she never advised Appellant not to testify because of concerns about prior *crimen falsi* convictions. (*See id.* at 6).

Conversely, Appellant repeatedly testified that counsel told him not to testify because his "criminal record would be used against [him] to discredit him[,]" but he could not recall exactly why she advised him in that manner. (*Id.* at 10; *see id.* at 11-12). In considering the testimony presented, the PCRA court found trial counsel's version of events to be more credible than that of Appellant, a finding that we will not disturb. *See Spotz*, *supra* at 259; *Rigg*, *supra* at 1084; (*see also* PCRA Court Opinion, 11/23/15, at 8).

Based on the foregoing, we conclude that the PCRA court properly found that Appellant failed to plead and prove that trial counsel was

ineffective for advising him to waive his right to testify. *See Rigg*, *supra* at 1084. Our independent review of the record confirms that counsel testified she advised Appellant that he had an absolute right to testify on his own behalf at trial, and she had a reasonable trial strategy for advising him not to do so. *See Michaud*, *supra* at 869 (finding counsel effective where he had advised appellant he had right to testify, but had reasonable trial strategy for advising him not to do so); *see also Laird*, *supra* at 978; *Thomas*, *supra* at 334-35. Therefore, Appellant's issue lacks merit.[2]

_____

[2] Appellant's reliance on *Commonwealth v. Nieves*, 746 A.2d 1102 (Pa. 2000), *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012), and *Commonwealth v. O'Bidos*, 849 A.2d 243 (Pa. Super. 2004), *appeal denied*, 860 A.2d 123 (Pa. 2004), is not legally persuasive. In *Nieves*, the Pennsylvania Supreme Court found that trial counsel was ineffective for advising the defendant not to testify because he could be impeached on the basis of his prior convictions, which did not involve *crimen falsi*. *See Nieves*, *supra* at 1105-06. However, unlike trial counsel here, counsel in *Nieves* admitted that he did not have an alternative reasonable trial strategy for advising the defendant not to testify. *See id.* Additionally, in *Nieves*, the PCRA court credited the hearing testimony of the defendant, not counsel, which is the opposite of the court's credibility finding in this case. *See id.* Therefore, the facts of *Nieves* are distinguishable from those presented here.

Also, neither *Ford* nor *O'Bidos* supports Appellant's ineffectiveness argument. The *Ford* Court concluded that the Commonwealth's incorrect representation of the potential maximum sentence during the jury trial waiver colloquy did not render the defendant's waiver unknowing, where defense counsel and her supervisor repeatedly instructed him of the correct minimum sentence he faced if he proceeded to trial and was convicted. *See Ford*, *supra* at 1195. In *O'Bidos*, this Court held that trial counsel was **not** ineffective for advising the appellant not to testify on his own behalf on the bases "there were issues that could be brought out on cross-examination if

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016

*(Footnote Continued)* ───────────────

appellant testified, including prior criminal history, other complainants, and circumstances surrounding his arrest." **O'Bidos**, **supra** at 250.