J-S24010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
           v.                          :
                                     :
                                     :
EDWARD D. WILSON                 :
                                     :
           Appellant            :    No. 248 WDA 2021

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000647-2018

BEFORE:    DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:           **FILED: NOVEMBER 16, 2021**

Appellant, Edward D. Wilson, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On July 8, 2018, Appellant stabbed Chad Bennett ("Victim") in the stomach during an altercation. Victim's friend, Justin Batten, witnessed the stabbing. After the stabbing, Appellant gave a statement to police denying that he stabbed Victim. He did not provide police any alternative explanation of how Victim suffered his injuries. Police never recovered the weapon Appellant used to stab Victim.

Victim and Batten testified against Appellant at trial. The Commonwealth also entered Appellant's statement to police into evidence. On

_____

[*] Former Justice specially assigned to the Superior Court.

April 10, 2019, a jury convicted Appellant of Aggravated and Simple Assault. The trial court sentenced Appellant to 10 to 20 years' incarceration.

On July 29, 2020, this Court affirmed Appellant's Judgment of Sentence. *See Commonwealth v. Wilson*, 239 A.3d 110 (Pa. Super. filed July 29, 2020) (non-precedential decision). Appellant did not petition for review by our Supreme Court.

On September 14, 2020, Appellant *pro se* timely filed a PCRA Petition, his first. The court appointed PCRA counsel and, on December 11, 2020, PCRA counsel filed an amended petition setting forth three allegations of trial counsel ineffectiveness. Appellant alleged that his trial counsel failed to have meaningful conversations with him, failed to raise an alternative theory of defense, and refused to allow Appellant to testify at trial.

On January 21, 2021, the PCRA court held a hearing on Appellant's PCRA petition. Discussed *infra*, Appellant and his trial counsel testified at the hearing.

On February 4, 2021, the trial court dismissed Appellant's petition. Appellant timely filed a Notice of Appeal and both he and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

1). Did trial counsel provide ineffective assistance of counsel by failing to have meaningful conversations and ask important questions of his client leading up to the trial and defense of Appellant[]?

2). Did trial counsel provide ineffective assistance of counsel by failing to advance an alternative theory when one existed and the

facts of the case necessitated an alternative theory, otherwise, trial counsel was in fact handing Appellant over to be condemned and convicted?

3). Did trial counsel interfere with Appellant's desire to testify by ignoring his repeated desire to testify and not placing anything on the record about his client's desire to testify?

Appellant's Br. at 2.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). The PCRA court's credibility determinations are binding upon this Court, so long as the record supports the determination. ***Commonwealth v. Reid***, --- A.3d ----, 2021 WL 4303595 at *4 (Pa. 2021). Additionally, this Court grants great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

All three of Appellant's issues raise claims of ineffective assistance of counsel ("IAC"). The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." ***Id.*** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's

- 3 -

ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Although Appellant purports to present two distinct IAC claims in his first two issues, his claims are inextricably related. He avers that his counsel was ineffective for failing to have a meaningful conversation with him in advance of trial. Appellant's Br. at 5-7. As a result, he was allegedly unable to inform counsel of facts supporting an alternative theory of defense—that he saw Batten put a shiny object into Batten's pocket after Victim's stabbing. *Id.* at 8-10. Appellant argues that his observation supports a defense that Batten, not Appellant, stabbed Victim, and concludes that he suffered prejudice from counsel's failure to argue this defense at trial. *Id.*

At Appellant's PCRA hearing, his trial counsel testified that, before trial, he had "several . . . conversations about the substantive merits of the case [with Appellant]." N.T. Hearing, 1/21/21, at 10. They had at least one in-person meeting and multiple conversations about the case over the phone and via text message. *Id.* at 10-11. He explained that these were "meaningful conversations" about trial strategy. *Id.* at 48. Finally, Appellant testified that he never told counsel about his observation of Batten throughout the course of these meetings. *Id.* at 64-65, 70-71.

The PCRA court credited counsel's testimony about meeting with Appellant. PCRA Ct. Op., 4/1/21, at 4-5. It likewise credited Appellant's testimony that he never told counsel about his observation of Batten. *Id.* at 5. The PCRA court found that, considering counsel's credible testimony, Appellant failed to prove the arguable merit of his claim that counsel failed to meet with him in a meaningful manner. *Id.* at 5.

Appellant essentially asks us to usurp the role of the PCRA court and render our own credibility determinations that counsel failed to have meaningful conversations with Appellant before trial. We cannot and will not do so. The record supports the PCRA court's credibility determinations and we are, thus, bound by them. Considering counsel's credible testimony that he met meaningfully with Appellant before trial, we agree with the PCRA court's finding that Appellant's first IAC claim lacks merit.[1]

In his third issue, Appellant argues that trial counsel was ineffective by preventing him from testifying at trial. Appellant's Br. at 10-14. He avers that counsel interfered with his right to testify "by ignoring him or not addressing the matter with the court if they had opposing viewpoints or not getting the client to sign a paper regarding this issue." *Id.* at 13. Appellant acknowledges

---

[1] Appellant presents his "alternative theory" of defense argument as a separate, second IAC claim. *See* Appellant's Br. at 8-10. In reality, however, he is arguing that counsel's failure to have a meaningful conversation with him before trial (his first IAC claim) caused him to suffer prejudice, as counsel was unable to argue this allegedly meritorious defense. Thus, these claims are interrelated and our conclusion that Appellant's first claim fails disposes of both claims.

that he had prior *crimen falsi* convictions that the Commonwealth could have brought to the jury's attention had he testified. *Id.* at 10-11. He alleges that he told counsel he wanted to testify regardless.[2] *Id.* at 11.

The decision to testify on one's own behalf "is ultimately to be made by the accused after full consultation with counsel." ***Commonwealth v Thomas***, 783 A.2d 328, 334 (Pa. Super. 2001) (citation omitted). A defendant can prove IAC for failing to call the defendant to testify by proving either that "(1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf." *Id.* (citation omitted). Importantly, however, "[c]ounsel is not ineffective where counsel's decision to not call the defendant was reasonable." ***Commonwealth v. O'Bidos***, 849 A.2d 243, 250 (Pa. Super. 2004) (citation omitted).

The PCRA court found that Appellant failed to prove that his counsel interfered with his right to testify and that counsel's decision to not call Appellant was reasonable. Trial Ct. Op. at 9-10. It found that Appellant and his counsel decided together not to have Appellant testify at trial. *Id.* at 9 It explained that the two made the decision based on Appellant's significant criminal history and prior statement to police:

---

[2] Appellant disclosed at his PCRA hearing, for the first time, that he wanted to testify to support his argument that Batten stabbed Victim. N.T. Hearing at 64-66. As discussed *supra*, because Appellant did not inform counsel before trial about his observation of Batten, *id.* at 70, it could not have impacted counsel's decision whether to call Appellant as a witness at trial.

> The first of these reasons was [Appellant's] prior record, which includes a *crimen falsi* [conviction] for false reports to police officers, and incarceration within ten years for Aggravated Robbery in Ohio, as well as convictions for Robbery and four counts of Burglary. []
>
> The second reason for this decision was that [Appellant] had already given a statement to police; any explanation of [Victim's] injuries that was not mentioned in this original statement would have made [Appellant] vulnerable to being cross-examined, which coupled with his *crimen falsi* and prior record, likely would have obliterated his trustworthiness in the eyes of the jury.

*Id.* at 9-10.

The record supports the PCRA court's findings. At Appellant's PCRA hearing, counsel testified that the Commonwealth made him aware before trial of Appellant's significant criminal history. N.T. Hearing at 14-15. The Commonwealth informed counsel that it would cross examine Appellant on his criminal history if Appellant were to testify. *Id.* at 14-15, 42-43. Of particular concern to counsel was Appellant's *crimen falsi* conviction for false reports and his recent incarceration for Aggravated Robbery, which counsel believed would have been "horrible" for the jury to learn. *Id.* at 42.

Counsel also testified that Appellant had given the police a statement during their investigation of Victim's stabbing, which the Commonwealth introduced at trial. *Id.* at 12-13, 40. Had Appellant sought to provide testimony outside the scope of that statement, he would have been subject to cross examination and at risk of losing credibility with the jury. *Id.* at 12-13, 40, 70. Based on these factors, counsel advised Appellant not to testify at trial. *Id.* at 14-15, 42, 49.

Appellant agreed that counsel advised him not to testify because of his criminal history. *Id.* at 63. He testified that when he asked counsel about testifying at trial, counsel told Appellant that "he usually puts his clients on the stand, but there is no need to put [him] on the stand in this case because of [his] prior record[.]" *Id.* Appellant explained that he chose not to testify "going off of" counsel's advice. *Id.* at 73.

In light of the above testimony, we agree with the PCRA court's findings that trial counsel had a reasonable basis for not calling Appellant to testify and that Appellant failed to prove that his counsel interfered with his right to testify. As a result, Appellant's third IAC claim fails.

The record supports the PCRA court's findings, and we discern no abuse of the court's discretion. We, thus, affirm the Order denying Appellant's petition seeking collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2021

- 8 -