663 A.2d 238

**COMMONWEALTH of Pennsylvania**

v.

**Christopher HARRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1995.

Filed Aug. 14, 1995.

104

Daniel M. Preminger, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, TAMILIA, and KELLY, JJ.

KELLY, Judge.

In this opinion, we are called upon to determine whether a defendant's trial counsel can be found to have rendered ineffective assistance to his client by failing to request a jury instruction on criminal trespass in a case where burglary is the offense at issue. We hold that trial counsel cannot be found ineffective because criminal trespass is not a lesser included offense of burglary, and thus, a jury instruction thereon would not have been warranted by the facts. Accordingly, we affirm.

This appeal involves a challenge to appellant's conviction of burglary[1] following a trial by jury. The relevant facts and procedural history are as follows. On July 29, 1989, at approximately 3:00 a.m., the victim, Ms. Rita Ross, awoke from her sleep when she felt a hand over her mouth and was told to roll over onto her stomach. The victim testified that she complied because she saw "something shiny" in the assailant's hand, which she believed was a knife. The assailant covered her head with a piece of cloth so she could not see him. The victim testified that the assailant pinned her arms above her head, climbed on top of her, pulled her legs apart with his knee and had forcible intercourse with her. Immediately afterwards, the assailant stood up and forced the victim to her feet. The victim struggled free, started to scream and hit him in an effort to escape. The assailant told her to shut

---

1. 18 Pa.C.S.A. § 3502.

up and punched her in the mouth and on the head. The victim later testified that she recognized the voice as belonging to Christopher Harrison, a co-worker she had dated a few months prior to this attack. The victim continued to scream causing the perpetrator to run from room to room in an effort to flee from the apartment. As this occurred, the victim ran out the front door of her apartment to her next door neighbor's apartment.

The police were summoned and arrived a few minutes later. After receiving a description from the victim of her assailant and the car she recognized as belonging to the assailant, the officers conducted a search of the surrounding area. While searching the area, Sergeant Ronald Lopit of the Philadelphia Police Department observed appellant walking on Godfrey Avenue and then stepping back behind a tree. Sergeant Lopit questioned appellant and asked him for his name, to which appellant replied, "Christopher Harrison." This name matched the name that appeared on the identification in the wallet found in the victim's bathroom through which her assailant entered the victim's apartment. This name also matched the listed owner of the black car parked outside the victim's apartment. Appellant was arrested and charged with rape,[2] indecent assault,[3] aggravated assault[4] and simple assault,[5] unlawful restraint,[6] criminal trespass,[7] burglary, theft by unlawful taking[8] and theft by receiving stolen property.[9]

On October 2, 1990, a jury trial commenced. The Commonwealth proceeded only on the charges of rape and burglary. At trial, counsel for appellant, Thomas Edwards, argued to the jury that Harrison was not the perpetrator of these offenses and that he should be found not guilty on both charges. On

2. 18 Pa.C.S.A. § 3121.

3. 18 Pa.C.S.A. § 3126.

4. 18 Pa.C.S.A. § 2702.

5. 18 Pa.C.S.A. § 2701.

6. 18 Pa.C.S.A. § 2902.

7. 18 Pa.C.S.A. § 3503.

8. 18 Pa.C.S.A. § 3921.

9. 18 Pa.C.S.A. § 3925.

October 4, 1990, the jury found appellant guilty of burglary and not guilty of rape. On October 15, 1990, appellant filed post-verdict motions challenging the sufficiency of the evidence and jury instructions on burglary. Subsequently, on November 7, 1990, the trial court denied these post-verdict motions and imposed a sentence of not less than eight (8) nor more than twenty (20) years imprisonment. On November 15, 1990, appellant filed a notice of appeal to this Court. However, on December 6, 1991, the appeal was dismissed without prejudice for failure to file a brief.

Subsequently, appellant filed a *pro se* Post Conviction Relief Act [10] petition alleging ineffectiveness of trial counsel. Present counsel was appointed for appellant and an amended petition was filed on January 27, 1994, requesting a reinstatement of petitioner's appellate rights. On April 18, 1994, the trial court entered an order reinstating appellant's right to a direct appeal. This appeal now comes to us for review.

The appellant presents the following issue for our review: DID NOT TRIAL COUNSEL RENDER INEFFECTIVE ASSISTANCE BY FAILING TO REQUEST THAT THE TRIAL COURT INSTRUCT THE JURY ON THE CHARGE OF CRIMINAL [TRESPASS].

Appellant's Brief at 2.[11]

 Our standard of review when faced with a claim of ineffective assistance of counsel is well-settled. First, counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. *Commonwealth v. Durst*, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989); *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987). To prevail on a claim of ineffectiveness, appellant must show that his

10. 42 Pa.C.S.A. § 9541 *et seq.*

11. We note that appellant refers to the charge of criminal conspiracy in the statement of questions presented portion of his brief. However, in the summary of argument and argument sections of his brief (Appellant's Brief at 7–11), appellant focuses solely on the issue of criminal trespass. The Commonwealth never charged appellant with criminal conspiracy. Therefore, we will consider the ineffectiveness of counsel claim surrounding the failure to seek criminal trespass instructions, and overlook this apparent typographical error.

underlying contentions possess arguable merit. *Common-wealth v. Durst, supra* 2, 559 A.2d 504; *Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); *Common-wealth v. Pierce, supra* 153, 527 A.2d 973. Finding no merit, our inquiry would cease because counsel will not be deemed ineffective for failing to pursue a baseless or meritless claim. *Id.; Commonwealth v. Pursell,* 508 Pa. 212, 224, 495 A.2d 183, 189 (1985). If appellant's contention is found to be of arguable merit, he must also establish that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Id.* Finally, appellant must show how counsel's commission or omission prejudiced appellant. *Com-monwealth v. Durst, supra* 2, 559 A.2d 504; *Commonwealth v. Davis, supra* 77, 541 A.2d 315; *Commonwealth v. Pierce, supra* 153, 527 A.2d 973.

In the instant case, appellant asserts that trial counsel was ineffective for failing to object to the jury instruction with regard to burglary.[12] Appellant contends that because crimi-nal trespass[13] is a lesser included offense of burglary that trial counsel should have requested a criminal trespass instruction to the jury as a matter of law.

After careful review of appellant's contention, we hold that it is meritless. Criminal trespass is not a lesser included offense of burglary. *Commonwealth v. Carter,* 482 Pa. 274, 276, 393 A.2d 660, 661 (1978); *Commonwealth v. Franklin,* 306 Pa.Super. 422, 429–30, 452 A.2d 797, 801 (1982). Knowledge is not an element of the crime of burglary, and "thus, one defending against a burglary charge would have no reason to establish that (albeit falsely), he believed his pres-

12. Burglary is defined in 18 Pa.C.S.A. § 3502(a) as follows:
A person is guilty of burglary if he enters a building or occupied structure or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

13. Criminal trespass is defined in 18 Pa.C.S.A. § 3503(a) as follows:
(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occu-pied portion therefore; or
(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

ence in a building or occupied structure was privileged or licensed." *Commonwealth v. Carter, supra* at 277, 393 A.2d at 661; *Commonwealth v. Casella,* 312 Pa.Super. 375, 376, 458 A.2d 1007, 1008 (1983); *see Commonwealth v. Simpson,* 316 Pa.Super. 115, 126, 462 A.2d 821, 826 (1983) (stating that the test for determining whether an offense is a lesser included offense is whether or not all of the key elements of the lesser offense are contained in the greater offense). Thus, it is appropriate that criminal trespass and burglary be indicted as separate offenses. *Commonwealth v. Cadogan,* 297 Pa.Super. 405, 409 n. 2, 443 A.2d 1185, 1187 n. 2 (1982).

■ Additionally, at trial the Commonwealth chose only to prosecute the offenses of rape and burglary even though appellant was charged with several additional offenses, including criminal trespass. Therefore, because appellant was not on trial for criminal trespass, he was not entitled to an instruction on finding appellant guilty of criminal trespass. Accordingly, appellant's argument is meritless. *See generally Commonwealth v. Ferrari,* 406 Pa.Super. 12, 22, 593 A.2d 846, 850 (1991), *appeal denied,* 533 Pa. 607, 618 A.2d 398 (1992) (where appellant not entitled to jury instructions on offenses at issue, trial counsel not ineffective for failing to request such instructions).

■ Upon finding no merit to appellant's claim, our inquiry would normally cease. However, even if appellant's claim had merit, trial counsel had a reasonable basis for his trial strategy which was designed to effectuate his client's interests. Our review of the record discloses that trial counsel sought a full acquittal for appellant on both charges of rape and burglary. Trial counsel contested throughout the case that appellant either raped the victim or committed burglary.

This Court has stated that "[b]efore a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Garcia,* 370 Pa.Super. 132, 137, 535 A.2d 1186, 1188 (1988), *appeal denied,* 519 Pa. 652, 546 A.2d 57 (1988) (citing *Commonwealth v. Nauman,*

345 Pa.Super. 457, 462, 498 A.2d 913, 915 (1985)). Additionally, "[s]o long as counsel's tactical decisions may be objectively viewed as having a reasonable basis designed to effectuate the client's interests, his stewardship cannot be deemed ineffective and the defendant cannot be said to have been denied a fair trial." *Commonwealth v. Petras,* 368 Pa.Super. 372, 380, 534 A.2d 483, 487 (1987) (citations omitted).

Instantly, the record reveals that trial counsel competently chose a defense strategy with the goal of complete acquittal. Trial counsel was successful in achieving that goal on the charge of rape. However, he was not successful on the charge of burglary. Appellant was not entitled to a jury instruction for the offense of criminal trespass, and therefore, his trial counsel was not ineffective in failing to request it.

The goal of seeking complete acquittal of all charges does not constitute ineffective assistance of counsel. *Commonwealth v. Garcia, supra* at 138, 535 A.2d at 1189. Therefore, we conclude that trial counsel provided a sound, competent and reasonable defense strategy that was designed to effectuate appellant's interests. Consequently, we affirm the judgment of sentence.

Judgment of sentence affirmed.