J-S56037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMIN L. OWENS, | |
| Appellant | No. 1958 MDA 2015 |

Appeal from the PCRA Order October 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001748-2010

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JULY 19, 2016**

Appellant Amin L. Owens appeals from the order entered in the Court of Common Pleas of Lancaster County that denied, after an evidentiary hearing, his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends (1) trial counsel was ineffective in failing to communicate effectively with Appellant regarding expert testimony to be presented by the Commonwealth; (2) trial counsel was ineffective in failing to file a motion for severance; and (3) trial counsel was ineffective in failing to request a lesser-included offense instruction.  We affirm.

The relevant facts and procedural history of this case may be summarized as follows:  The underlying case involved a criminal conspiracy

*Former Justice specially assigned to the Superior Court.

in trafficking cocaine and marijuana to customers in several counties from Philadelphia to Lancaster.[1] Following a grand jury presentment, criminal complaints were filed against Appellant and his seven co-conspirators: Henry L. Williams, Justin E. Wiley, Leroy K. Warrick, David L. Lambert, David Huggins, Jr., Salim D. Brokenborough, and Felicia Cooper. The charges common to all co-conspirators included corrupt organizations, criminal conspiracy, criminal use of a communication facility, and violations of the Controlled Substance, Drug, Device and Cosmetic Act.[2] Pursuant to Pa.R.Crim.P. 582, the criminal cases were consolidated for trial.

Thereafter, Appellant filed a pre-trial omnibus motion seeking to suppress intercepted telephone conversations, as well as a change of venue. The trial court denied Appellant's pre-trial motion.

On April 4, 2011, the case proceeded to a jury trial against five of the original eight co-conspirators. Warrick and Wiley entered guilty pleas prior to trial. Cooper, in hopes of negotiating a favorable plea agreement with the Commonwealth, testified at trial against her co-conspirators. In addition to her testimony, the Commonwealth presented evidence seized from a search of Wiley's house, including crack and powder cocaine, cash, ammunition,

---

[1] A detailed factual background of this case is set forth in this Court's published opinion in **Commonwealth v. Huggins**, 68 A.3d 962 (Pa.Super. 2013). Huggins was one of Appellant's co-defendants.

[2] Appellant's co-defendant, Lambert, was additionally charged with person not to possess or sell firearms.

and drug-distribution paraphernalia. The Commonwealth also presented recordings of drug-related conversations from lawful wiretaps on two cell phones belonging to Lambert, as well as the lay and expert testimony of Agent David Carolina.

On April 19, 2011, the jury entered a guilty verdict against Appellant and his co-defendants. Specifically, as to Appellant, the jury convicted him of corrupt organizations, criminal conspiracy, criminal use of a communication facility, and five counts of delivery or possession with the intent to deliver a controlled substance.[3] On August 4, 2011, the trial court sentenced Appellant to an aggregate of eleven years to twenty-two years in prison.

Following the denial of Appellant's post-sentence motion in which he challenged the weight of the evidence, Appellant filed a timely direct appeal to this Court. On appeal, Appellant averred the trial court erred in permitting Agent David Carolina to testify as both a lay and expert witness. He also averred the jury's verdict was against the weight of the evidence. Finding no merit to either claim, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Owens*, 1984 MDA 2011 (Pa.Super. filed 5/8/13) (unpublished memorandum). Appellant filed a petition for

---

[3] 18 Pa.C.S.A. §§ 911(b)(3)(4), 903, 7512(a), and 35 P.S. § 780-113(a)(30), respectively.

allowance of appeal, which our Supreme Court denied on November 19, 2013.

On or about March 17, 2014, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed Michael V. Marinaro, Esquire, to represent Appellant. Attorney Marinaro filed an amended PCRA petition on June 16, 2014. The Commonwealth filed a motion requesting that the PCRA court direct Appellant to file an amended petition that conformed with the pleading requirements. By order entered on October 14, 2014, the PCRA court directed Appellant to file a second amended PCRA petition averring more specific facts to support his claims of ineffective assistance of counsel.

Thereafter, the trial court permitted Attorney Marinaro to withdraw and new counsel, Edwin G. Pfursich, IV, Esquire, was appointed to represent Appellant. On May 27, 2015, Attorney Pfursich filed a second amended PCRA petition alleging trial counsel was ineffective for the following reasons: (1) failing to communicate with Appellant in the months prior to trial; (2) failing to request severance of Appellant's case from the case of his co-defendants; (3) failing to file a motion to suppress physical evidence; and (4) failing to request a lesser-included offense instruction.

The Commonwealth filed a response to the second amended PCRA petition, and on September 9, 2015, the PCRA court held an evidentiary hearing at which Appellant and his former trial counsel, Curt Schulz, Esquire,

testified.[4]  By order and opinion entered on October 16, 2015, the PCRA court denied Appellant relief under the PCRA, and this timely appeal followed.  All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents claims of ineffective assistance of trial counsel.  In reviewing Appellant's particular claims, we are mindful of the following legal precepts:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. . . .The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mason***, ___ Pa. ___, 130 A.3d 601, 617 (2015) (internal quotation marks and citations omitted).

> In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In Pennsylvania, we have applied the ***Strickland*** test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.  ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel is

---

[4] Since Attorney Schulz resides in Washington, the PCRA court permitted him to testify via telephone.

presumed to have rendered effective assistance, and, if a claim fails under any required element of the **Strickland** test, the court may dismiss the claim on that basis. **Commonwealth v. Ali**, 608 Pa. 71, 10 A.3d 282, 291 (2010).

**Commonwealth v. Vandivner**, ___ Pa. ___, 130 A.3d 676, 680 (2015).

Regarding the arguable merit prong, a claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa.Super. 2013) (*en banc).* A determination as to whether the facts asserted present a claim of arguable merit is a legal one. **Id.**

Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Also [a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion. . . .The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract.
Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different.

**Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 132 (2012) (internal quotation marks and citations omitted).

Appellant first claims that trial counsel was ineffective in failing to communicate effectively with him prior to trial. Specifically, he avers trial

- 6 -

counsel failed to inform him that the Commonwealth would present the expert testimony of Agent David Carolina at trial, and counsel did not discuss the possibility of retaining a defense expert to refute Agent Carolina's expert testimony.[5]

At the evidentiary hearing, Appellant's PCRA counsel questioned trial counsel, in relevant part, on direct-examination as follows:

> **Q:** Okay. Did you ever inform [Appellant] that the Commonwealth would be calling an expert witness in this case?
> **A:** Yes. Well, I mean the preliminary hearing, the expert I assume you are referring to is Agent Carolina. He was used at the preliminary hearing, so we had days of it where we actually sat down and he was the expert.
> And you know, the conversations—as I told him, you know, the trial is going to be a lot like what the preliminary hearing was. He's going to get up there and he's going to testify as to the phone calls.

N.T. PCRA Hearing, dated 9/9/15, at 15-16.

In analyzing the PCRA hearing testimony, and rejecting Appellant's claim, the PCRA court explained as follows:

> [Appellant] was at the preliminary hearing where Agent Carolina testified as to the meaning of words that were used on the wiretaps. [N.T. PCRA Hearing, dated 9/9/15, at 15-16, 32-33]. While he was not specifically identified as an "expert" at that time, [trial counsel] testified that Agent Carolina was clearly providing "expert" testimony, or specialized knowledge beyond

_____

[5] At trial, Agent Carolina was permitted to testify as a fact witness, as well as an expert witness. With regard to his expert opinions, the trial court permitted Agent Carolina to opine that various intercepted telephone conversation were drug-related and consisted of various terms used in the drug culture. In **Huggins**, **supra**, we concluded the trial court did not err in permitting this testimony.

- 7 -

that possessed by a layperson, such that [Appellant] would have known. . .the purpose of his anticipated testimony for the jury. [*Id.* at 15-16, 33].

PCRA Court Opinion, filed 10/16/15, at 12-13 (citations omitted).

Furthermore, as to Appellant's assertion trial counsel did not discuss the possibility of retaining a defense expert to refute Agent Carolina's expert testimony, counsel admitted as much at the PCRA evidentiary hearing. N.T. PCRA Hearing, dated 9/9/15, at 16. However, in rejecting Appellant's ineffectiveness claim based thereon, the PCRA court explained:

[Trial counsel] concedes that he never discussed with [Appellant] the possibility of retaining a rebuttal expert to Agent Carolina. [*Id.*] Although he considered the idea, he rejected it as simply unworkable. [*Id.* at 16-17]. The language used was not its standard context and was oblique. Agent Carolina was decoding drug slang in the particular circumstances of this case so the jury would know to what the tapes referred. It was trial counsel's professional opinion that the better strategy was to simply argue to the jury that the words interpreted one way by Agent Carolina could mean anything. [*Id.* at 16]. "[C]ounsel's assistance is deemed constitutionally effective once the court concludes that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." Such was the case here.

PCRA Court Opinion, filed 10/16/15, at 13 (quotation and citation omitted). We find no error in this regard. *See Mason*, *supra*.

Appellant next claims trial counsel was ineffective in failing to request that Appellant's case be severed from the case of his co-defendants. We find no relief is due on this claim.

Here, the Commonwealth provided notice under Pa.R.Crim.P. 582 that it was consolidating Appellant's and his co-defendants' cases for trial.

Pa.R.Crim.P. 582 governs consolidation of separate criminal indictments and informations, and provides, in pertinent part:

> **Rule 582. Joinder--Trial of Separate Indictments or Informations**
> **(A) Standards**
> (1) Offenses charged in separate indictments or informations may be tried together if:
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
> (b) the offenses charged are based on the same act or transaction.
> (2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

Pa.R.Crim.P. 582 (bold in original).

The PCRA court herein concluded that Appellant's underlying issue lacked arguable merit since consolidation was properly granted and, additionally, that Appellant failed to demonstrate he was prejudiced by counsel's omission. Specifically, the PCRA court indicated, in relevant part, as follows:

> The Commonwealth charged these co-defendants with conspiracy and alleged that [Appellant] and his co-defendants were co-conspirators in a drug enterprise over the course of several months. *See* Pa.R.Crim.P. 582(A)(2). Each co-defendant was responsible for the natural and probable consequences of their co-conspirators' actions.
>
> ***
>
> [T]he relevant evidence to one defendant was applicable to his co-defendants (for example, the voluminous wiretap evidence showed not only individual drug deliveries but also an illegal drug distribution enterprise involving all of the defendants as perpetrators/conspirators). Moreover, the charges against all co-defendants arose from the same course of events. Lastly, the

same witnesses (law enforcement agents and cooperating witnesses) would be required to testify in each of the co-defendants' trials if they were severed and presented to separate juries.

Based on the foregoing, [Appellant's] suggestion that he could have obtained a separate trial from his co-defendants had his counsel moved for severance is plainly without merit. In addition, [Appellant] fails to allege how he was prejudiced by being tried jointly with his co-defendants and how the outcome of his trial would have differed had he been tried separately, when the undisputed evidence established beyond a reasonable doubt that [Appellant] is guilty of the crimes for which he was charged.

PCRA Court Opinion, filed 10/16/15, at 16-17. We find no error in this regard. **See Mason**, **supra**.

Appellant's final claim is that trial counsel was ineffective in failing to request a lesser-included offense instruction. Specifically, Appellant contends trial counsel should have requested that the trial court instruct the jury on the lesser-included offense of simple possession of a controlled substance.[6] We find Appellant is not entitled to relief.

_____

[6] Appellant also contends trial counsel should have requested that the trial court instruct the jury on the "lesser-included offense" of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32). "A lesser-included offense is a crime having elements. . . which are a necessary subcomponent of elements of another crime. . . .The elements in the lesser-included offense are all contained in the greater offense; however, the greater offense contains one or more elements not contained in the lesser-included offense." **Commonwealth v. Kelly**, 102 A.3d 1025, 1032 (Pa.Super. 2014) (*en banc*).

Appellant was convicted of corrupt organizations, criminal conspiracy, criminal use of a communication facility, and five counts of delivery or possession with the intent to deliver a controlled substance. He has failed to explain to which "greater offense" the crime of possession of drug

*(Footnote Continued Next Page)*

A review of the record reveals that inviting the jury to convict on the lesser-included offense of simple possession would have been inconsistent with Appellant's defense strategy, which was to seek a full acquittal on all of the charges. For instance, trial counsel argued to the jury that "most of these guys, they don't even know each other much less [are] in a business organization." N.T. Jury Trial, 4/6/11, at 348. He argued that law enforcement had targeted Appellant based on speculation and telephone conversations without proof. N.T. Jury Trial, 4/18/11, at 1561, 1563-64.

More specifically, with regard to Appellant's five charges of possession with the intent to deliver a controlled substance, trial counsel's strategy was that Appellant did not possess a controlled substance, let alone deliver or have the intent to deliver, a controlled substance on any of the five alleged occasions. N.T. Jury Trial, 4/6/11, at 348-52; N.T. Jury Trial, 4/18/11, 1558-66. In this regard, he argued to the jury that the police neither observed the alleged transactions nor seized any drugs from the alleged transactions. N.T. Jury Trial, 4/6/11, at 348-52. He further argued that when the police searched a residence allegedly connected to Appellant, the police found seven people, but Appellant was not present. *Id.* at 351. Trial

_____
(Footnote Continued)

paraphernalia is allegedly a lesser-included offense. However, simple possession of a controlled substance is a lesser-included offense of possession with the intent to deliver a controlled substance, and therefore, we shall address this portion of Appellant's ineffective assistance of counsel claim. *See* 35 P.S. §§ 780-113(a)(16), (30).

counsel argued the police found no money or drugs at the house, except for a small amount of drug residue that was not connected to Appellant and may have been left over from "a party the night before[.]" N.T. Jury Trial, 4/18/11, at 1562-63. *See* N.T. Jury Trial, 4/6/11, at 351-52. He indicated that the Commonwealth is "asking you to take a huge leap of faith here[.]" *Id.* at 352. He argued "[t]hey are asking you to find convictions when they didn't find all of these drugs and this money, stuff that they thought that they would find." N.T. Jury Trial, 4/18/11, at 1564. Trial counsel suggested that "[a]t the end of the day, the evidence that they have and what they are alleging, it just doesn't match up. They have not proved their case beyond a reasonable doubt against [Appellant]." *Id.* at 1566.

This Court has held that "[t]he goal of seeking [a] complete acquittal does not constitute ineffective assistance of counsel." *Commonwealth v. Harrison*, 663 A.2d 238, 241 (Pa.Super. 1995). Moreover, counsel's strategy in this regard does not rise to the level of ineffective assistance unless "in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Id.* (quotation and quotation marks omitted). In the case *sub judice*, trial counsel's strategy seeking a full acquittal was not unreasonable.

In sum, Appellant's entire defense was that he was not a part of a corrupt organization or conspiracy, and he never possessed, let alone

delivered, a controlled substance. In light of the defense strategy, it would have been inconsistent for trial counsel to seek to have the jury convict Appellant on the lesser-included offense of simple possession of a controlled substance. Accordingly, Appellant's ineffectiveness claim fails. ***See Harrison***, ***supra***.

For all of the foregoing reasons, we affirm the PCRA court's order denying Appellant's first PCRA petition.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2016