J-S07026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYLER STEVEN MARLATT | |
| Appellant | No. 1356 MDA 2016 |

Appeal from the PCRA Order July 18, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000326-2012

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED MARCH 23, 2017**

Tyler Steven Marlatt appeals from the order of the Court of Common Pleas of Centre County denying his petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

In its May 9, 2013 opinion, the trial court set forth the relevant facts of this matter as follows:

> On January 17, 2012, Marlatt was charged with murder of the first degree, murder of the second degree, murder of the third degree, robbery, and aggravated assault, as a result of an incident involving the death of Tyler Struble on January 16, 2012.  On that date, Tyler Struble took marijuana from Marlatt's girlfriend without paying her the approximately twenty-five dollar value.  Marlatt then drove to Tyler Struble's residence, armed with weapons, and the death occurred during an altercation between the two men.  At the preliminary hearing held on February 1, 2012, the Commonwealth moved to amend and add two additional counts of robbery and two counts of criminal conspiracy to commit robbery, which was subsequently granted.

At the conclusion of the jury trial on November 7, 2012, the jury found Marlatt guilty of murder in the second degree, murder of the third degree, aggravated assault, two counts of robbery (felonies of the first degree), three counts of criminal conspiracy, one count of robbery (felony of the second degree), and not guilty of murder in the first degree and voluntary manslaughter. Marlatt was then sentenced to life imprisonment in a state correctional institution that same day.

Trial Court Opinion, 5/9/13, at 1-2.

Marlatt appealed his judgment of sentence, which was affirmed by this Court on November 21, 2013. On May 15, 2014, the Supreme Court of Pennsylvania denied Marlatt's petition for allowance of appeal.

On February 2, 2015, Marlatt filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on January 11, 2016. On June 9, 2016, the PCRA court filed an opinion and notice of intent to dismiss Marlatt's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Marlatt did not respond to the Rule 907 notice and, on July 18, 2016, the PCRA court dismissed Marlatt's PCRA petition. Marlatt filed a timely notice of appeal to this Court, as well as a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 9, 2016, the PCRA court filed its Rule 1925(a) opinion.

On appeal, Marlatt raises the following issue for our review:

Did the PCRA Court commit an error of law and abuse of discretion in determining that trial counsel's failure to raise an exception to a hearsay objection, which would permit admission

of statements to support a self-defense claim, did not make him ineffective?[1]

Brief for Appellant, at 2.

> This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted).

Marlatt's claim challenges the effectiveness of his trial counsel. Our standard of review when faced with a claim of ineffective assistance of counsel is well settled:

> First, counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant. To prevail on a claim of ineffectiveness, appellant must show that his underlying contentions possess arguable merit. Finding no merit, our inquiry would cease because counsel will not be deemed ineffective for failing to pursue a baseless or meritless claim. If appellant's contention is found to be of arguable merit, he must also establish that the course chosen by counsel had no reasonable basis designed to effectuate his client's interests. Finally, appellant must show how counsel's commission or omission prejudiced [him].

---

[1] In his statement of questions involved, Marlatt raised a second issue, namely that counsel was ineffective for failing to properly brief issues on direct appeal. However, he abandoned that issue in the argument section of his brief.

*Commonwealth v. Thomas*, 783 A.2d 328, 332-33 (Pa. Super. 2001), quoting *Commonwealth v. Harrison*, 663 A.2d 238, 240 (Pa. Super. 1995). All three of these prongs must be proven for a petitioner to succeed on an ineffectiveness of counsel claim. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit." *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994), quoting *Commonwealth v. Weiss*, 606 A.2d 439, 441 (Pa. 1992). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Id.*

Marlatt claims that trial counsel was ineffective for failing to offer a proper exception in response to a hearsay objection raised by the Commonwealth. Specifically, Marlatt attempted to introduce the oral and written statements of David Williams, a recently deceased eyewitness to the incident. Williams, who was dating the mother of the victim, witnessed the altercation between Marlatt and the victim and at one point intervened to break up the fight. Williams gave a statement in response to police questioning approximately ten to fifteen minutes after the police arrived on the scene. Williams also provided a written statement at the police station approximately five-and-a-half hours later. The Commonwealth objected to the admission of Williams' statements on hearsay grounds. In response, Marlatt's counsel cited Pa.R.E. 804, which relates to the admission of former testimony where the witness is unavailable and the adverse party had a

prior opportunity to cross-examine the witness. However, here, Williams'
prior statements were not "testimony" and the Commonwealth did not have
the opportunity to cross-examine him. Thus, trial counsel's response was
improper. However, for the following reasons, trial counsel cannot be
deemed ineffective, as Marlatt's underlying claim—that the statements by
Williams should have been admitted as an excited utterance pursuant to
Pa.R.E. 803(2)—has no merit.

Pennsylvania Rule of Evidence 803 provides, in relevant part, as
follows:

> The following [is] not excluded by the rule against hearsay,
> regardless of whether the declarant is available as a witness:
>
> . . .
>
> (2) Excited Utterance. A statement relating to a startling event
> or condition, made while the declarant was under the stress of
> excitement that it caused.

Pa.R.E. 803(2). This Court has further noted:

> The declaration need not be strictly contemporaneous with the
> existing cause, nor is there a definite and fixed time limit.
> Rather, each case must be judged on its own facts, and a lapse
> of time of several hours has not negated the characterization of
> a statement as an "excited utterance." The crucial question,
> regardless of the time lapse, is whether, at the time the
> statement is made, the nervous excitement continues to
> dominate while the reflective processes remain in abeyance.

***Commonwealth v. Gore***, 396 A.2d 1302, 1305 (Pa. Super. 1978) (citations
omitted). "[I]t must be shown first, that [the declarant] had witnessed an
event sufficiently startling and so close in point of time as to render [his]
reflective thought processes inoperable and, second, that [his] declarations

were a spontaneous reaction to that startling event." ***Commonwealth v. Murray***, 83 A.3d 137, 157-58 (Pa. 2013) (citation omitted).

> In determining whether a statement is an excited utterance, we have considered the following: 1) whether the declarant, in fact, witnessed the startling event; 2) the time that elapsed between the startling event and the declaration; 3) whether the statement was in narrative form (inadmissible); and, 4) whether the declarant spoke to others before making the statement, or had the opportunity to do so.

***Commonwealth v. Keys***, 814 A.2d 1256, 1258 (Pa. Super. 2003). Courts must assess these four factors in light of the surrounding circumstances to determine whether a statement is an excited utterance. ***Id.***

Here, it is clear that Williams witnessed a sufficiently startling event. This Court recognizes the brutal nature of the killing and Williams' close-up perception of Struble's gaping neck wound while he attempted to render first aid to the victim. However, we do not agree that his declarations constitute a spontaneous reaction to the event.

Marlatt attempted to enter into evidence Williams' oral statement in response to an officer's questions at the scene of the crime as well as a written statement provided at the police station approximately five to six hours later. The police report regarding Williams' oral statement describes the circumstances under which it was given:

> I asked [Williams] what else he remembers . . . He stated he was not as emotionally attached to [the victim] as everyone else on scene and was trying to calm people down and get them inside away from [the victim]. I recapped [Williams'] story. He reviewed the events again[.]

Incident Supplement, Amended PCRA Petition, 1/11/16, at Exhibit C.

- 6 -

Here, it is clear that Mr. Williams' statement to the police was not a spontaneous declaration made without any reflective thought. *Murray*, *supra.* While the record shows that his statement was made only ten to fifteen minutes after the stabbing, Williams' statement reveals that he was not emotionally attached to the victim and that he had spent the time between the stabbing and the arrival of police attempting to calm down the other witnesses. Moreover, Williams' statements were not spontaneous, but rather in direct response to an officer's queries, and the report explicitly states that the officer had Williams review his story after a brief summary by the officer. Additionally, Williams' statement to the officer was in narrative form, explaining in detail how he came to arrive at the scene of the crime, followed by a blow-by-blow description of the altercation. Williams' statements also contained some factual differences from the testimony of other witnesses at the scene, which indicates that the Commonwealth would have been prejudiced by its inability to cross-examine Williams. Finally, the fact that Williams spent time attempting to calm the other witnesses at the "chaotic" scene suggests that he was no longer excited by the time he made his statement. For all the foregoing reasons, Williams' oral statement to the responding officers does not constitute an excited utterance under Rule 803(2).

Having concluded that Williams' oral statement to police ten to fifteen minutes after witnessing the event was not an excited utterance, it follows

- 7 -

that his written statements given at the police station some five to six hours later cannot constitute an excited utterance.

Marlatt's underlying claim is without merit, and the outcome of the trial would not have been different had trial counsel argued that Williams' statements were subject to the excited utterance exception to the hearsay rule when the Commonwealth objected to the admission of those statements. **_Pierce_**, **_supra_**. Accordingly, the PCRA court did not err in concluding that trial counsel's failure to offer a Rule 803(2) exception to the Commonwealth's hearsay objection did not rise to the level of ineffectiveness.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017