J-S18034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO CASANOVA-LANZO | : | |
| | : | |
| Appellant | : | No. 1659 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 26, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001530-2013

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: MAY 3, 2019**

Appellant Mario Casanova-Lanzo appeals the judgment of sentence entered by the Court of Common Pleas of Lancaster County after a jury convicted Appellant of first-degree murder and burglary.  Appellant claims the trial court abused its discretion in limiting defense counsel's cross-examination of a prosecution witness.  After careful review, we affirm.

The trial court summarized the factual background of this case as follows:

> On the night of February 20, 2013, [Appellant] broke into the residence of his estranged wife, Hollie Casanova, and shot and killed Parrish Thaxton ["the decedent"].  [Appellant] had not resided in the residence since October 2012 when he and Ms. Casanova separated.  Ms. Casanova resided there with her six (6) children and the decedent.  [Appellant] gained entrance to the locked residence by breaking a window in the kitchen.  [Appellant] then proceeded upstairs where his and Ms. Casanova's young son, M.S., witnessed him enter the bedroom of Ms. Casanova and the decedent.  Upon entering, [Appellant] fatally shot the decedent,

_____
*   Former Justice specially assigned to the Superior Court.

who was lying in bed, once in the chest and once in the face with a sawed-off shotgun while yelling at the decedent to get out. [Appellant] then left the residence.

[Appellant] turned himself into authorities the next day. A mail intercept during [Appellant's] incarceration produced a letter [Appellant] wrote to his sister on or about April 29, 2013. In the letter, [Appellant] admits that he went to Ms. Casanova's residence on that night with the intent to murder the decedent.

Trial Court Opinion, 1/2/19, at 2-3.

On September 20, 2018, a jury convicted Appellant of first-degree murder and burglary. On September 26, 2018, Appellant was sentenced to life in prison without parole on the first-degree murder conviction and to three and one-half (3½) to ten (10) years of incarceration on the burglary conviction. This timely appeal followed. Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant limits his appeal to assert that the trial court erred in failing to allow the defense to cross-examine Holly Casanova about a prior romantic encounter with Appellant. "Questions concerning the admissibility of evidence are within "the sound discretion of the trial court and its discretion will not be reversed absent a clear abuse of discretion." *Commonwealth v. Leaner*, ___A.3d___, 2019 PA Super 9 (Jan. 8, 2019) (quoting *Commonwealth v. Thompson*, 106 A.3d 742, 754 (Pa.Super. 2014)). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality,

as shown by the evidence of record." ***Commonwealth v. Bidwell***, 195 A.3d 610, 616 (Pa.Super. 2018) (citation omitted).

Appellant specifically asserts that the trial court erred in restricting defense counsel's cross-examination of his estranged wife, Ms. Casanova, about a particular incident that occurred before Appellant committed the instant offenses on February 20, 2013. By way of background, we note that Appellant had previously moved out of Ms. Casanova's residence when the couple had separated two months earlier in October 2012. Thereafter, Ms. Casanova became romantically involved with the decedent, who had begun residing in Ms. Casanova's home.

On December 29, 2012, Appellant met with Ms. Casanova at her home. A short time later, Decedent entered the home and found Appellant and Ms. Casanova having sexual intercourse. This discovery resulted in the two men having a heated physical altercation.

Appellant asserts defense counsel should have allowed to cross-examine Ms. Casanova about the December 29, 2012 incident it was relevant evidence to defend Appellant against the burglary charge as it "tended to contradict the [prosecution's] argument that Appellant was not licensed and privileged to be present" in Ms. Casanova's home that night. Appellant's Brief, at 8.

However, Appellant's argument defies logic as the fact that Ms. Casanova consented to an intimate encounter with Appellant on one occasion did not give Appellant license or privilege to enter her home without her invitation or consent any time he wished. Appellant cannot credibly claim that

he had permission to enter the home when he did not have a key to the home and gained entry by breaking the kitchen window. Ms. Casanova unequivocally claimed that she had not invited Appellant to enter the residence on that evening and would not have done when the decedent was present in the home, given the animosity between the men as demonstrated in their physical altercation seven weeks earlier.

To the extent Appellant is claiming that this evidence would show he believed he had permission to enter the home, we note that "[k]nowledge is not an element of the crime of burglary, and "thus, one defending against a burglary charge would have no reason to establish that (albeit falsely), he believed his presence in a building or occupied structure was privileged or licensed." ***Commonwealth v. Harrison***, 663 A.2d 238, 240 (Pa.Super. 1995). As a result, the trial court did not abuse its discretion in precluding defense counsel from attempting to elicit this irrelevant information on cross-examination.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2019

- 4 -