J-S10003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  : PENNSYLVANIA
                                                  :
                        v.                        :
                                                  :
                                                  :
                                                  :
MARC ANTHONY NAZARIO                              :
                                                  :
                  Appellant                       : No. 1170 MDA 2021

Appeal from the Judgment of Sentence Entered August 6, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at CP-36-CR-0003135-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 21, 2022**

Marc Anthony Nazario (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of burglary and theft.[1] Contemporaneous with this appeal, Appellant's counsel filed a petition to withdraw from representation and ***Anders*** brief.[2] After thorough review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1) and 3921(a).

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

In the early morning hours of July 8, 2020, Appellant entered a rooming house on Frederick Street in Lancaster, Pennsylvania, and burglarized the residence. N.T., 7/12/21, at 59, 82-83. Eric Snyder (Snyder), who resided in the basement, was sleeping. *Id.* at 59. Snyder woke abruptly and saw a figure come halfway down the stairs and turn back. *Id.* Snyder went back to sleep, but later that morning, went to the main floor and noticed that a door which was usually locked, was ajar. *Id.* at 62-63. Luis Silva (the Victim), who resided on the top floor, told Snyder that items were stolen from the Victim's room. *Id.* at 59-60, 63.

The Victim worked as a security guard. *Id.* at 104-05. When he woke on July 8, 2020, he realized several items were missing: two envelopes containing a total $2,500.00 in cash, his cellphone, a pair of shoes, alcohol, and cigars. *Id.* 111-12. The Victim was also missing work-related items he had stored in cases in his room. *Id.* at 108. The items included a tactical vest, a Taser, and a PepperBall gun. *Id.* at 87-88, 107. The Victim had not given anyone permission to enter his room or remove his belongings. *Id.* at 110.

The Victim contacted police, who eventually found Appellant's fingerprints on the cases in the Victim's room. *Id.* at 90-92, 146-49. Police also recovered the Taser and PepperBall gun, which Appellant had discarded on Frederick Street. *Id.* at 94.

At trial, Appellant testified he previously rented a room in the house. *Id.* at 160. Appellant explained that the evening before the burglary, he encountered Snyder, who invited Appellant to his room to smoke marijuana. *Id.* at 161. Ultimately, Snyder asked Appellant to leave, and Appellant went upstairs to the Victim's room and stole his belongings. *Id.* at 163. Appellant testified he discarded the Taser and PepperBall gun when he discovered they were not what he was "hoping" for. *Id.* at 165. Appellant admitted he lied to police during questioning. *Id.* at 164-65.

On July 13, 2021, a jury convicted Appellant of burglary and theft. N.T., 7/13/21, at 231-32. On August 5, 2021, with the benefit of a Pre-Sentence Investigation Report (PSI), the trial court sentenced Appellant for burglary to 5 - 10 years in prison. N.T., 8/5/21, at 4, 21-22. For theft, the court sentenced Appellant to a concurrent 1 - 2 years in prison. *Id.* at 21-22. The court further ordered that the burglary sentence be served consecutive to Appellant's sentence in an unrelated matter. *Id.* at 22. The next day, the court determined Appellant's conviction for theft should have merged with his conviction for burglary; the court vacated the August 5, 2021 sentence and resentenced Appellant accordingly. *Id.* at 21; N.T., 8/6/21, at 2. The court modified the sentence, merging the theft charge with the burglary charge, but

otherwise imposed the same aggregate sentence of 5 – 10 years of incarceration. N.T. 8/6/21 at 5-7. This appeal followed.[3]

Counsel presents a single question:

Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?

*Anders* Brief at 7.

When counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). To withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, the *Anders* brief must:

    (1)   provide a summary of the procedural history and facts, with citations to the record;

    (2)   refer to anything in the record that counsel believes arguably supports the appeal;

_____

[3] On September 7, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal; on September 28, 2021, counsel submitted a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). On October 12, 2021, the trial court issued an order stating that because of counsel's intent to file an *Anders* brief, it would "take no further action unless otherwise directed by the Superior Court of Pennsylvania." Order, 10/12/21 (footnote omitted). By correspondence to this Court dated January 18, 2022, the Commonwealth advised it would not file a response brief.

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** (citation omitted).

Our review reveals counsel has substantially complied with the requirements outlined in ***Anders*** and its progeny.  Specifically, counsel determined the appeal is "wholly frivolous," filed an ***Anders*** brief pursuant to the dictates of ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the ***Anders*** brief to Appellant, and advised Appellant of his right to raise any additional issues and retain new counsel or proceed *pro se*.  ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*); Application for Leave to Withdraw as Counsel, 1/14/22, at 1-4 (unnumbered).  Our review also reveals Appellant did not file a response to the ***Anders*** brief.  Accordingly, we examine any issues counsel identifies in the ***Anders*** brief, and conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

Appellant contends trial counsel was ineffective.  ***See Anders*** Brief at 11-12.  This claim is premature.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576. Our Supreme Court recently reiterated, "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal." **Commonwealth v. Koehler**, 229 A.3d 915, 930 (Pa. 2020) (citation omitted). Accordingly, Appellant's ineffective assistance of counsel claim must await collateral review.

Appellant next avers the trial court erred in denying his requested jury charge that criminal trespass is a lesser included offense of burglary. **Anders** Brief at 12-14; N.T., 7/12/21, at 119-20. The record shows the Commonwealth objected to this request, and after discussion, the trial court concluded trespass was not a lesser included offense of burglary; **Appellant's counsel agreed**. **Id.** at 119-20, 168-69. Thus, Appellant waived this claim. **See Commonwealth v. Wholaver**, 989 A.2d 883, 892 (Pa. 2010) (challenge to failure to give requested jury charge waived where counsel withdrew request and did not object to charge as given).

Furthermore:

In reviewing a jury charge, we determine whether the trial court committed a clear abuse of discretion or an error of law which

controlled the outcome of the case. We must view the charge as a whole; the trial court is free to use its own form of expression in creating the charge. Our key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations. Moreover,

> it is well-settled that the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties, and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

*Commonwealth v. Wise*, 171 A.3d 784, 787-88 (Pa. Super. 2017) (citations, quotation marks, and brackets omitted).

In *Commonwealth v. Harris*, 663 A.2d 238 (Pa. Super. 1995), this Court held that "[c]riminal trespass is not a lesser included offense of burglary." *Id.* at 240 (citations omitted). "Knowledge is not an element of the crime of burglary, and thus, one defending against a burglary charge would have no reason to establish that (albeit falsely), he believed his presence in a building or occupied structure was privileged or licensed." *Id.* (citations omitted). Thus, as counsel acknowledged at trial, Appellant was not entitled to the requested jury charge. *Id.*; N.T., 7/12/21, at 168-69.

Appellant also contends the evidence was insufficient to sustain his burglary and theft convictions. *Anders* Brief at 14-16. Appellant does not specify the basis for this contention. *Id.*

We have explained:

The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of

review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. ... [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Edwards*, 177 A.3d 963, 969-70 (Pa. Super. 2018) (quotation marks and citations omitted).

The Crimes Code defines burglary as follows:

**(a) Offense defined.-**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)   (i) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

(ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present.

18 Pa.C.S.A. §§ 3502(a)(1)(i) and (ii).

"A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). To be convicted of theft, a defendant must have had a conscious intention to take unlawfully the property of another. *See Commonwealth v. Wilkes*, 676 A.2d 266, 268 (Pa. Super. 1996).

Viewing the evidence in the light most favorable to the Commonwealth, the record demonstrates Appellant previously resided at the residence, which was an occupied dwelling not open to the public. N.T., 7/12/21, at 110, 160. On July 8, 2020, Appellant was not licensed or privileged to enter the dwelling. *Id.* In the early morning, Snyder saw someone come halfway down the stairs to his room and retreat; that same morning, the Victim discovered several items missing from his room. *Id.* at 51, 112. Appellant's fingerprints were found on the cases where the Victim stored some of the missing items. *Id.* at 127, 150. Also, Appellant admitted he entered the Victim's room and took the items. *Id.* at 163.

The evidence was sufficient to support Appellant's convictions. *See Commonwealth v. Pettyjohn*, 64 A.3d 1072, 1078 (Pa. Super. 2013) (evidence sufficient to sustain convictions for burglary and theft where Appellant's fingerprints were found on point of entry to private home and owner testified Appellant was not privileged to be in location); *Commonwealth v. Donohue*, 62 A.3d 1033, 1036 (Pa. Super. 2013) ("if the [finger]prints are discovered in a place accessible only by force or on objects that the defendant could not have contacted under legitimate circumstances, a conviction [for burglary and theft] will be upheld." (citations omitted)).

Finally, Appellant challenges the discretionary aspects of his sentence. *Anders* Brief at 16-18. However, as counsel correctly observes, Appellant waived this claim, and the issue is frivolous. *Id.*

A challenge to the discretionary aspects of sentence is not absolute, and "must be considered a petition for permission to appeal." ***Commonwealth v. Best***, 120 A.3d 329, 348 (Pa. Super. 2015) (citations omitted). To reach the merits of a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Cartrette***, 83 A.3d at 1042.

Appellant did not file a post-sentence motion challenging either his original or modified sentence. ***See*** Pa.R.Crim.P. 720(A)(1); ***see also Commonwealth v. Broadie***, 289 A.2d 218, 220 (Pa. Super. 1985). Accordingly, he waived a challenge to the discretionary aspects of his sentence.[4]

---

[4] Moreover, any challenge lacks merit. While the court sentenced Appellant in the aggravated range of the guidelines, the record demonstrates the court had the benefit of a PSI. N.T., 8/5/21, at 4. The trial court additionally detailed its reasons for sentencing Appellant in the aggravated range. ***See***
*(Footnote Continued Next Page)*

To the extent Appellant challenges the legality of his sentence, the claim lacks merit. *Anders* Brief at 18-19. As noted above, the trial court *sua sponte* corrected Appellant's original illegal sentence on August 6, 2021, when it merged theft with burglary. N.T., 8/6/21, at 2, 5-7. The maximum sentence for burglary is 20 years. *See* 18 Pa.C.S.A. §§ 1103(1) and 3502(c)(1). Appellant's sentence of 5 - 10 years does not exceed the statutory maximum and is legal.

Lastly, in accordance with *Yorgey*, *supra*, we independently reviewed the certified record to determine if counsel's analysis regarding the frivolous nature of this appeal is correct. Because we agree with counsel's assessment, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in the result.

_____

*id.* at 13-20. These reasons included Appellant's extensive juvenile record, the failure of prior attempts at rehabilitation, lack of remorse, prior convictions and/or adjudications for the same or similar offenses, Appellant being on probation when he committed the instant crimes, and his recent sentencing for several other unrelated charges. *See id.; see also Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (sentence not manifestly unreasonable where court considered PSI, details of crime, and explained reasons for sentence); *see also Commonwealth v. Walls*, 926 A.2d 957, 966-68 (Pa. 2007) (no abuse of discretion where court imposed reasonable, individualized sentence).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2022