J-S36001-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK SHAWN MCCAMEY | : | |
| | : | |
| Appellant | : | No. 217 WDA 2020 |

Appeal from the PCRA Order Entered January 6, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001529-2014

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    FILED AUGUST 21, 2020

Appellant, Patrick Shawn McCamey, appeals from the order entered on January 6, 2020 that dismissed his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior published decision issued by this Court summarized the background facts of this case.

> The record reflects that on the afternoon of September 28, 2014, Pennsylvania State Police Trooper Timothy Callahan responded to a report of a suspicious death. The report led him to a mobile home near the intersection of Route 58 and Irishtown Road in Mercer County. When Trooper Callahan arrived, there were other police officers and ambulance personnel at the scene. Trooper Callahan approached Trooper James Mason and Corporal James Powell of the Pennsylvania State Police, and at this point he saw the deceased[, Michael Johns, who died as a result of asphyxiation caused by dual components of strangulation and smothering.]

_____

[*] Retired Senior Judge assigned to the Superior Court.

The investigation into Mr. Johns's death led the state police to Appellant. When Trooper Chris Birckbichler questioned Appellant, he informed Appellant of his Miranda[1] rights, and Appellant signed a form acknowledging that he understood them. Appellant provided Trooper Birckbichler inconsistent versions of the events of the day that Mr. Johns was killed. However, Appellant did inform Trooper Birckbichler that he was at Mr. Johns' home, and he wanted to buy drugs from the victim. There was a struggle between the two men, and Appellant bled on the floor of the home after the victim stabbed him during the struggle. Appellant obtained Comet cleanser and poured it on the blood so that his DNA could not be discovered.

The Commonwealth charged Appellant with murder, alleging that Appellant and his cohort, Ryan Bowers, killed Mr. Johns while engaged in both robbing Mr. Johns and burglarizing his home. Specifically, the Commonwealth charged Appellant with second-degree murder (robbery), second-degree murder (burglary), third-degree murder, robbery, conspiracy (robbery), burglary, and conspiracy (burglary).

\* \* \*

Appellant was found guilty of all charges on November 17, 2015. On January 28, 2016, the trial court sentenced Appellant as follows: life imprisonment for second-degree murder (robbery); life imprisonment for second-degree murder (burglary); ten to twenty years of imprisonment for third-degree murder; and five to twenty years of imprisonment for conspiracy (robbery). The conspiracy (burglary) merged with conspiracy (robbery), and robbery and burglary merged with the second-degree murder convictions. All sentences were ordered to run concurrently.

Commonwealth v. McCamey, 154 A.3d 352, 354 (Pa. Super. 2017) (record citations omitted).

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

On January 13, 2017, this Court affirmed Appellant's convictions but remanded the case after determining that Appellant's two second-degree murder convictions and his third-degree murder conviction should have merged for sentencing purposes. See id. at 359. Following remand, the trial court resentenced Appellant on August 25, 2017.

On February 16, 2018, Appellant filed a timely pro se petition under the PCRA. On March 2, 2018, the PCRA court appointed counsel, who filed an amended petition on August 2, 2018. A second amended petition followed on March 7, 2019 and a third on April 17, 2019. Appellant's petitions alleged that trial and appellate counsel were ineffective. The PCRA court convened a hearing on Appellant's petitions on April 29, 2019. Thereafter, the court temporarily re-opened the record to allow Appellant to admit an unofficial transcription of an audio-visual interview conducted by the Pennsylvania State Police on September 29, 2014. On January 6, 2020, the PCRA court filed an opinion and order denying Appellant's petition. Appellant filed a notice of appeal on February 7, 2020.

Appellant raises the following issues for our review.

Whether the PCRA court erred as a matter of law or abused its discretion in determining that trial counsel was not ineffective for failing to permit [Appellant] to testify on his own behalf[?]

Whether the PCRA court erred as a matter of law or abused its discretion in determining that trial counsel was not ineffective [in failing to call Forrest McCamey, Appellant's father, as a witness to testify on Appellant's behalf?]

Whether the PCRA court erred as a matter of law or abused its discretion in determining that trial counsel was not ineffective in failing to object to the trial [court's] jury instruction on malice?

Whether the PCRA court erred as a matter of law or abused its discretion in determining that [trial counsel was not ineffective in failing to ensure that the jury had access to a complete transcript of Appellant's interview with law enforcement officials?]

Whether the PCRA court erred as a matter of law or abused its discretion in determining that [counsel was not ineffective in failing to challenge on appeal trial references to Appellant's incarceration and the trial court's use of the term "home invasion" in its jury instructions?]

Appellant's Brief at 5-6.[2]

As a prefatory matter, we must address the timeliness of this appeal. Timeliness of an appeal concerns our appellate jurisdiction, which we may raise sua sponte. Commonwealth v. Andre, 17 A.3d 951, 957–958 (Pa. Super. 2011). As stated above, the PCRA court entered an order dismissing Appellant's PCRA petition on January 6, 2020. Appellant, however, filed his notice of appeal on February 7, 2020. Because Appellant's notice of appeal was due no later than February 5, 2020 (30 days after the petition was dismissed), this appeal appears untimely.

A notice of appeal must be "filed within 30 days after entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Our Rules of Criminal Procedure dictate that if, after an evidentiary hearing a judge dismisses a

_____

[2] We have re-ordered and re-phrased Appellant's issues for clarity, ease of discussion, and to accurately reflect the arguments Appellant develops in his brief.

- 4 -

PCRA petition, the judge must "promptly issue an order denying relief" and that "order shall be filed and served as provided in Rule 114." Pa.R.Crim.P. 908(D)(1). Rule 114 requires that all orders and court notices be docketed, and that the docket entries contain the date the clerk's office received the order, the date of the order, and the date on which the clerk served the order to the party's attorney or the party if unrepresented. See Pa.R.Crim.P. 114(B) and 114(C)(2). "The comment to this Rule suggests that the notice and recording procedures are mandatory and not modifiable." Commonwealth v. Davis, 867 A.2d 585, 587 (Pa. Super. 2005). Thus, if the docket fails to reflect that the clerk furnished a copy of an order to the parties, we "assume [that] the period for taking an appeal was never triggered." Commonwealth v. Jerman, 762 A.2d 366, 368 (Pa. Super. 2000); see also Frazier v. City of Philadelphia, 735 A.2d 113, 115 (Pa. 1999) (explaining that, although the parties received a copy of the order, "the appeal period was not triggered" due to the clerks failure to make a "formal entry" regarding notice on the docket). Herein, while the docket includes an entry of the PCRA court's dismissal order, there is no notation that the clerk served a copy of the order upon Appellant or his counsel. As such, Appellant's appeal will not be deemed untimely and will not be subject to quashal.

Appellant challenges the dismissal of his petition filed pursuant to the PCRA. The following principles govern our review of such claims.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii).

All of Appellant's issues allege, in various ways, that the PCRA court erred or abused its discretion in rejecting Appellant's claims that counsel was ineffective. When reviewing a claim of ineffective assistance, we apply the following test.

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

Commonwealth v. Michaud, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." Commonwealth v. Birdsong, 24 A.3d 319, 329 (Pa. 2011).

In his first issue, Appellant claims that trial counsel was ineffective in failing to ascertain whether Appellant intended to take the stand and testify in his own defense. Appellant's position is that he always intended to testify on his own behalf because it was the only way for him to explain to the jury that he acted in self-defense or in defense of another in attacking Mr. Johns. See Appellant's Brief at 12. In advancing this claim, Appellant points out that the trial court never conducted a colloquy on the record to confirm that Appellant was aware of his right to testify and that the decision not to testify was his. Id. at 13.

In a prior case, this Court explained:

[The decision to testify on one's own behalf] is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.

[Commonwealth v. Thomas, 783 A.2d 328, 334 (Pa. Super. 2001)]. "Counsel is not ineffective where counsel's decision to not call the defendant was reasonable." Commonwealth v. Breisch, 719 A.2d 352, 355 (Pa. Super. 1998).

Commonwealth v. Todd, 820 A.2d 707, 711 (Pa. Super. 2003), appeal denied, 833 A.2d 143 (Pa. 2003).

As a preliminary matter, we reject Appellant's suggestion that it was incumbent upon the court to conduct an on-the-record colloquy to determine whether Appellant understood his right to testify and whether he made a knowing, voluntary, and intelligent waiver of his right to take the stand. In Todd, this Court observed that, "there is no express requirement that a trial court conduct such a colloquy with regard to a defendant's right to testify." Id. at 712. Hence, while the preferred practice may be to place an accused's testimonial preference on the record, the trial court's failure to do so in this case does not support Appellant's claim for relief.[3]

We further conclude, after careful review, that the PCRA court neither erred nor abused its discretion in finding that trial counsel did not interfere with Appellant's right to testify and that counsel did not give unreasonable advice which undermined the knowing and intelligent nature of Appellant's decision to forgo testifying on his own behalf. In its opinion, the PCRA court extensively reviewed the events which transpired at trial, including several exchanges that occurred between the trial court, Appellant, and defense counsel. See PCRA Court Opinion, 1/6/20, at 3-6. In the PCRA court's view,

_____

[3] Since there is no express requirement that the trial court conduct an on-the-record colloquy to confirm Appellant's testimonial intentions, there is no basis to suggest that counsel was ineffective in failing to object to the relevant procedures as they unfolded before the trial court.

these exchanges showed that Appellant "was advised of his [right to testify,] understood his rights, and also understood that the [trial c]ourt was always under the impression that he was not going to testify in his own defense." Id. at 6. In addition, without having called Appellant to testify, defense counsel announced, in open court and with Appellant present, that the defense did not intend to present additional witnesses. Relying on these exchanges, together with the absence of any contrary declaration by Appellant at trial, the PCRA court rejected Appellant's current allegation that he, at all times, planned to testify at trial and that he communicated his intentions to trial counsel.

The PCRA court also credited the testimony of trial counsel in rejecting Appellant's first claim. At the PCRA hearing, trial counsel, a career criminal defense attorney with substantial experience in representing homicide defendants at trial, testified that a video recording of Appellant's interview with the Pennsylvania State Police would adequately convey the facts underlying the theory of self-defense to the jury while avoiding the perils of cross-examination. In particular, counsel was concerned about Appellant's prior crimen falsi offenses that could be disclosed to the jury in the event he testified. According to the PCRA court, defense counsel "emphatically denied" that Appellant asked to testify in his own defense or that counsel ignored any such requests. Id. at 9.

In large part, Appellant's opening argument asks us to disregard the PCRA court's credibility determinations. Appellant fails to acknowledge,

however, that as an appellate court, we must defer to the credibility determinations made by a court that observes a witness's demeanor first hand. See Todd 820 A.2d at 712. Trial counsel's testimony, which the PCRA court found credible, established that Appellant never expressed a desire to testify at trial. Moreover, trial counsel reasonably advised Appellant not to testify given that the defense theory of self-defense could be established through a video recording, while avoiding the risks posed by cross-examination. Because the record supports the PCRA court's findings, and because its legal conclusions are free of error, Appellant is not entitled to relief on his first claim.

Appellant's second claim asserts that trial counsel was ineffective in failing to call Forrest McCamey (Appellant's father) as a witness at trial. According to Appellant, trial counsel should have called Mr. McCamey as a witness to rebut the testimony of Aseneth Doctor, Appellant's sister. At trial, Ms. Doctor testified, based upon a telephone conversation she overheard between Appellant and Mr. McCamey, that Appellant's assault upon Mr. Johns was not justified. This claim is meritless.

> To establish that counsel was ineffective for failing to call a witness, [an a]ppellant must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. See Commonwealth v. Fletcher, 750 A.2d 261, 275 (Pa. 2000). Failure to call a witness is not per se ineffective assistance of counsel, for such a decision implicates matters of trial strategy.

> Commonwealth v. Auker, 681 A.2d 1305, 1319 (Pa. 1996). It is [an a]ppellant's burden to demonstrate that trial counsel had no reasonable basis for declining to call [the] witness. See Commonwealth v. Cross, 634 A.2d 173, 175 (Pa. 1993).

Commonwealth v. Washington, 927 A.2d 586, 599 (Pa. 2007) (parallel citations omitted).

Appellant has not demonstrated that counsel lacked a reasonable basis for failing to interview or call Mr. McCamey as a witness. Appellant did not ask trial counsel to call his father as a witness and Mr. McCamey did not contact trial counsel regarding participation at his son's trial. Moreover, Ms. Doctor testified only briefly at Appellant's trial and trial counsel did not believe that her testimony was so persuasive that it warranted calling Mr. McCamey to the stand. Discovery materials reviewed by trial counsel did not reveal any information that would be beneficial in developing a justification defense. In fact, calling Mr. McCamey as a witness posed substantial adverse risks since Appellant admitted to him that a scuffle had taken place at the victim's residence, that Appellant was stabbed during the struggle, and that Appellant grabbed the victim around the neck until the victim stopped moving. Trial counsel placed little value on Mr. McCamey as a witness because he confirmed Appellant's involvement in the events sub judice and added little to a justification defense.

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his

client's interests." Washington, 927 A.2d at 600 (quotation omitted). Hindsight comparison between a chosen alternative and an unchosen course of action does not establish a claim of ineffective assistance. Id. Accordingly, this claim fails.

In his third claim, Appellant asserts that trial counsel was ineffective in failing to object to the jury instruction on malice. In total, Appellant offers the following argument:

> The [A]ppellant asserts that the jury instruction used [] in his trial states to the jury that his conduct was not justified. The [A]ppellant asserts that the determination on whether the [A]ppellant was justified in this crime was to be left to the jury. This instruction conveyed to the jury that the [A]ppellant was not justified in his actions.

Appellant's Brief at 18.

This claim is woefully underdeveloped. Appellant does not identify the problematic text of the relevant instructions nor does he explain how the court's instructions took the issue of malice out of the hands of the jury or how the instructions might have shifted the Commonwealth's burden of proving malice. In the absence of a more definitive argument, we conclude that Appellant is not entitled to relief. See Pa.R.A.P. 2119(a) (argument section of appellate brief shall contain such discussion and citation to authority as is appropriate). In the alternative, we agree with the PCRA court that trial counsel had no grounds to object to the jury instructions given at trial because, when read as a whole, the charge accurately reflected the prevailing Pennsylvania jurisprudence on third degree murder and the concept of malice.

See Commonwealth v. Williams, 980 A.2d 510, 523 (Pa. 2009) (trial court enjoys broad discretion in framing instructions, and may choose its own wording, so long as the charge – when read as a whole - clearly, adequately, and accurately presents the law to the jury; error occurs only when the trial court abuses its discretion or inaccurately states the law).

Appellant's fourth claim asserts that trial counsel was ineffective in failing to present a complete (but unofficial) transcript of Appellant's interview with state police officials to the jury. This issue rests on Appellant's claim that the transcript of Appellant's interview with police officials was incomplete since it did not memorialize all of the exchanges that occurred during Appellant's interview. Appellant maintains that the missing portions of the transcript (contained in the unofficial version of that document) were particularly important since they would have conveyed a "full picture" of Appellant's self-defense claims in the absence of Appellant's own testimony. See Appellant's Brief at 20.

This claim is factually unsupported. The PCRA court reviewed the unofficial version of the transcript that Appellant introduced during the collateral relief proceedings. According to the PCRA court, a gap of 20 to 30 minutes appeared in the audio portion of the interview recording. The court found that counsel for the parties agreed to mute this portion of the recording (and exclude it from the transcript given to the jury) because it contained references to incarceration and issues relating to bail. Other muted portions

of the interview recording (omitted from the transcript given to the jury) correspond to breaks taken by the participating officers and/or Appellant. Based upon its review, the PCRA court concluded that "[Appellant's] story and/or version of events was repeated several times on the audio and video recorded interview with the state police and that [the] audio portion was not muted to any degree to the detriment of [Appellant]." PCRA Court Opinion, 1/6/20, at 13. Because Appellant's version of events was presented to the jury, we agree with the PCRA court that the failure to present a "complete," but unofficial, transcript to the jury did not prejudice Appellant.

In his fifth and final issue, Appellant claims that counsel was ineffective in failing to challenge on direct appeal police testimony at trial referring to Appellant's incarceration and the trial court's use of the phrase "home invasion" in its jury instructions. After careful review, we are satisfied, as the PCRA court also concluded, that trial counsel possessed reasonable strategic grounds for the courses of action he pursued with respect to both issues and, therefore, appellate counsel could not be ineffective in failing to raise these issues on appeal. See id. at 19 (trial counsel had reasonable grounds not to seek mistrial in response to trooper's reference to incarceration) and 21 (trial counsel had reasonable basis to believe that court's effort to clarify the term "home invasion" would be counterproductive); see also Commonwealth v. McGill, 832 A.2d 1014, 1022 (2003) (layered claim of appellate counsel's ineffectiveness relates back to actions of trial counsel in that three-prong test

for trial counsel's ineffectiveness, if satisfied, supplies the arguable merit prong for appellate counsel's ineffectiveness); Washington, 927 A.2d at 595 (same). Since Appellant has not and cannot demonstrate that trial counsel was ineffective, his challenge to the performance of appellate counsel fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2020